ceiving certain goods shipped by a carrier is in the commission and brokerage business is not in itself notice to the carrier that such party was agent for the shipper.

2. CARRIERS—*when agent receiving goods for shipper is relieved from liability for freight charges.* Before a party receiving a shipment of goods as agent for the shipper can be relieved from liability for payment of the freight charges on the goods, in an action to recover such charges, it must affirmatively appear that the carrier had actual notice of such agency.

3. CARRIERS, § 33a*—*what is implied notice as to tariff rates.* The fact that tariff rates fixed by the Interstate Commerce Commission are on file at Washington is implied notice to all persons interested in such rates.

4. CARRIERS, § 29*—*validity of provisions of Interstate Commerce Act as to liability for freight charges.* The Interstate Commerce Act, providing that "the owner or consignee shall pay the freight and all other lawful charges," is constitutional.

5. CARRIERS—*when consignee is impliedly liable for charges.* A consignee receiving goods shipped is impliedly liable for the shipment charges.

---

## Abraham Schwartz, Appellee, v. Hartman Furniture & Carpet Company, Appellant.

## Gen. No. 22,776.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1916. Reversed without remanding. Opinion filed April 16, 1917.

### Statement of the Case.

Proceedings by Abraham Schwartz, claimant, against the Hartman Furniture & Carpet Company, respondent, for compensation under the Workmen's Compensation Act. From a judgment for claimant, respondent appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIS G. SHOCKEY, WILEY W. MILLS and HENRIETTA KREIGHEL, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the

### Abstract of the Decision.

WORKMEN'S COMPENSATION ACT, § 12*—*necessity of making claim within prescribed period.* The making of a claim within the six months' period as required by the Workmen's Compensation Act is mandatory and cannot be dispensed with, and no right of action exists without proof of such claim within the time limited by the act.

---

### Leopold Mioduszewski, Appellee, v. Stefan Spoganitz, Appellant.

### Gen. No. 22,779.     (Not to be reported in full.)

Appeal from, the Municipal Court of Chicago; the Hon. PATRICK B. FLANAGAN, Judge, presiding. Heard in this court at the October term, 1916. Appeal dismissed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Leopold Mioduszewski, plaintiff, against Stefan Spoganitz, defendant. From a judgment for plaintiff, defendant appeals.

MAXIMILIAN J. ST. GEORGE and B. F. BARTEL, for appellant.

FERGUSON & GOODNOW, for appellee.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.