### SCHILD v. PERE MARQUETTE RAILROAD CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION—EFFECT OF LIMITATION—CONDITION PRECEDENT.

The provision of section 15, part 2, of the workmen's compensation act (section 5445, 2 Comp. Laws 1915), providing that "no proceedings for compensation for an injury under this act shall be maintained * * * unless claim for compensation * * * shall have been made within

six months after the occurrence of the same," is a limitation affecting not only the remedy but the right of an injured employee; the condition of giving notice of a claim for .compensation, controlling the right to demand the same. *Podkastelnea* v. *Railroad Co.,* 198 Mich. 321.

2. SAME—PERSONAL INJURIES—STATUTORY NOTICE—RIGHT TO RECOVER.

In case of doubt as to whether an injured employee's right to recover falls within the Federal employers' liability act or the Michigan workmen's compensation act, in order to preserve the right to recover under the latter act the statutory notice must be given.

3. SAME—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION —NOTICE.

Where an injured employee refused compensation under the workmen's compensation act; and brought suit against the employer under the Federal employers' liability law, later submitting to a nonsuit, after which claim was made under the Michigan act, but not until after the expiration of six months from the date of the accident, an award was barred by section 15, part 2, of the act (section 5445, 2 Comp. Laws 1915).

Certiorari to Industrial Accident Board. Submitted January 17, 1918. (Docket No. 110.) Decided March 27, 1918.

Frank L. Schild presented his claim for compensation against the Pere Marquette Railroad Company for injuries received in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and award set aside.

*Parker, Shields & Brown* (*Charles E. Ward,* of counsel), for appellant.

*Nichols & Shaw* (*James K. Nichols,* of counsel), for appellee.

OSTRANDER, C. J. There is involved no question of fact. Claimant was employed by the plaintiff in certiorari and on March 23, 1916, received the injury for

which he asks and has been allowed compensation. Plaintiff in certiorari reported the accident to the industrial accident board. In time the board made inquiry of the claimant and was informed that he refused to accept the "provisions of the compensation law and anticipates securing the services of an attorney to file suit against this company."

Again, later, the board addressed another inquiry to claimant, whose attorneys replied that—

"We have advised him that his claim comes under the Federal act in relation to employees engaged in interstate commerce and we have notified the Pere Marquette receivers of this fact but have had no reply. It is not his contention [intention] at the present time to make any claim for compensation under the Michigan act."

No such claim was made until March 3, 1917, nearly a year after the injury was received. Meantime, claimant began his suit in the Federal court, issue was joined and a trial thereof was begun. In the course of the trial, the Federal judge called the attention of counsel to the decision in *Minneapolis, etc., R. Co.* v. *Winters,* 242 U. S. 353, decided by the Federal Supreme Court January 8, 1917. Plaintiff thereupon, on January 22, 1917, submitted to a nonsuit, with leave to move to set it aside, and later, satisfied there could be no recovery under the Federal act, the nonsuit became absolute. On April 1, 1916, and again on April 11, 1916, compensation was offered claimant under the Michigan act and was refused.

The board having allowed him compensation in an order made April 12, 1917, the question presented for decision is whether the claim for compensation should have been made within six months after the injury and, not having so been made, the right to compensation is lost.

The language of the act answers the question. It is provided that—

"No proceedings for compensation for an injury under this act shall be maintained, * * * unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." 2 Comp. Laws 1915, § 5445.

This provision the board construed and treated as if it read:

"No proceedings for compensation for an injury under this act shall be maintained unless the claim for recompense with respect to such injury shall have been made within six months after the occurrence of the same."

Saying, further:

"In a broad sense the application made claim. In the narrow sense of the act he did not. We prefer to hold that he made all the claim he was required to make until the Supreme Court shall decide otherwise. We also think that under the circumstances of this case, the conduct of the respondent was such as to waive the making of a claim by the applicant. The applicant could not file any formal claim within the six months without endangering what he considered his right to recover under the Federal employers' liability law. Section 1, of part 6, of the workmen's compensation law (2 comp. Laws 1915, § 5488), provides:

" 'If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risk, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.'

"As long as the applicant thought he was entitled to recover under the Federal employers' liability act, he could not safely accept any money under the workmen's compensation law, nor could he file any notice of claim with the industrial accident board. If he did so his action would have constituted a release to the employer of all claims he thought he had under the Federal employers' liability act.

"Section 6, of part 3, of the workmen's compensation law (2 Comp. Laws 1915, § 5459), reads as follows:

" 'If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the employee fail to reach an agreement in regard to compensation under this act, either party may notify the industrial accident board, who shall thereupon call for the formation of a committee of arbitration. The committee of arbitration shall consist of three members, one of whom shall be a member of the industrial accident board, and shall act as chairman. The other two members shall be named respectively by the two parties.'

"Under that section, the respondent employer might have called for the formation of a committee of arbitration. It could have notified the industrial accident board that it owed the applicant; it could have demanded arbitration. It did fail to reach an agreement in regard to compensation with the applicant. If it had applied for arbitration in the matter the presumption would legally follow that the industrial accident board would have held that the employee was not an interstate commerce employee and would have made an award along the lines contended for by the respondent."

We consider, and have in substance held, that the statute provision referred to is a limitation affecting not only the remedy but the right of an injured employee. *Podkastelnea v. Railroad Co.*, 198 Mich. 321. The judicial power does not extend to setting aside the plain terms of the law. The proceeding is special. The condition of giving notice of a claim for compensation, controlling the right to demand the same, is clear. There is no room for construction, and the difficulties attending upon a judicial variance from the legislative rule are obvious. Perhaps the legislative rule ought to be changed: a question for the legislature. But I can see no difficulty in such a case if the right to compensation under the Michigan law is preserved by notice, although the right way be doubtful. If the case falls within the Federal statute, remedy under

that statute is exclusive; if within the Michigan law, the Federal law has no application. But if a right under the Michigan law is claimed, notice of the claim must be given within six months after the injury is received.

The order awarding compensation is set aside, with costs to plaintiff in certiorari.

BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.

FELLOWS, J.  I think this case is ruled by *Cooke* v. *Furnace Co.*, *ante*, 192; *Kalucki* v. *Foundry Co.*, *ante*, 604; and *Dane* v. *Traction Co.*, *ante*, 612. For the reason stated in these cases I concur in the reversal of this case.