DANE *v.* MICHIGAN UNITED TRACTION CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE—
LIMITATION OF ACTION.
   The limitation provided in section 15, part 2, of the work-
   men's compensation act (section 5445, 2 Comp. Laws 1915),
   begins to run from the date of the accident, and not from
   the time the injured employee discovers the extent of
   his injuries. *Cooke* v. *Furnace Co., ante,* 192.

Certiorari to Industrial Accident Board. Submitted
January 25, 1918. (Docket No. 64.) Decided March
28, 1918.

Joseph Dane presented his claim for compensation
against the Michigan United Traction Company for in-
juries received in defendant's employ. From an order
awarding compensation, defendant brings certiorari.
Reversed and award set aside.

*Sanford W. Ladd* (*Russell A. McNair* and *Warren,
Cady, Ladd & Hill,* of counsel), for appellant.

*Albert E. Meder,* for appellee.

BIRD, J. In October, 1913, plaintiff was employed
as a section hand on defendant's interurban railway.
On the 15th of that month, while assisting in unload-
ing steel rails at Albion, one of them skidded and
struck his left knee and injured it. Following this he
worked intermittently for the company until May 4,
1914, when he received a second injury to the same
knee, while working at Parma. From this time on the
knee was more or less painful and later grew worse
and finally resulted in amputation on February 6, 1916.
An award was applied for and allowed by the indus-
trial accident board. The principal defense raised,

and one which must dispose of the case, is that the claim for compensation was not made and filed within the time prescribed by the compensation law, it appearing that no claim was filed for either injury until May 15, 1916.

Section 15 of part 2 of the law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5445), provides that:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall be given to the employer three months after the happening thereof, and unless the claim for compensation with respect of such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

It is quite evident in enacting this section the legislature had in mind the desirability of fixing some limit to the time when a claim could be presented and passed upon by the commission. The language employed to effectuate this purpose, when read in connection with the context, is unambiguous and easily understood. It means, if it means anything, that the time shall begin to run from the day the accident happens and the injury is incurred. To say that the time does not begin to run until the claimant is fully advised as to the extent of his injuries, as is urged, is to import something into the section which is not there. The words *"After the occurrence of the same"* meant the same and are substituted for the words *"after the happening thereof,"* occurring in the preceding sentence with reference to giving notice of the injury. If one means the day the injury occurred the other does. It would hardly be contended that the three-month provision for giving notice of the injury did not commence to run until some time in the future when the

injured party discovered the extent of his injuries. The language employed is not susceptible of such a construction, neither is it a reasonable one, if we keep in mind what the legislature was attempting to accomplish by inserting this particular section. The construction which the section should receive is that the time commences to run from the day the accident causes the injury. This construction is in keeping with the evident intent of the legislature to create a statute of limitations, and thereby fix a time when employers could feel certain that their liability in any particular case had ended. This construction is also in accord with the cases handed down herewith. *Cooke* v. *Furnace Co., ante,* 192; *Kalucki* v. *Foundry Co., ante,* 604.

The claim in question not having been made and filed within six months from the date of either injury, the award must be reversed and set aside.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.