## PETERSON v. FISHER BODY CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION.

A claim for compensation under the workmen's compensation act, for an injury to claimant's eye, which resulted in the loss of the sight about four years later, made less than six months after the loss of the sight, was not seasonably made, the limitation of the statute beginning to run from the date of the accident and not from the date of the disability. *Cook* v. *Furnace Co.*, 200 Mich. 192.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

201—Mich.—34.

Certiorari to Industrial Accident Board. Submitted April 19, 1918. (Docket No. 59.) Decided June 3, 1918.

William J. Peterson presented his claim for compensation against the Fisher Body Company for injuries sustained in defendant's employ. From an order awarding compensation, defendant and the Employers' Liability Assurance Corporation, Limited, insurer, bring certiorari. Reversed, and order vacated.

*Frederick T. Witmire*, for appellants.

*Van H. Ring*, for appellee.

FELLOWS, J. Plaintiff, an employee of defendant Fisher Body Company, received an accidental injury arising out of and in the course of his employment on either the 20th or 27th day of September, 1912. The accident consisted in getting pieces of steel in his left eye. His notice of claim for compensation is dated March 23, 1917, and was received by the employer and the industrial accident board a few days later. The plaintiff claims not to have lost sight in the injured eye until less than six months before making the claim for compensation. It was not removed until June 29, 1917. The case was heard by the board before this court decided the cases of *Cooke* v. *Furnace Co.*, 200 Mich. 192; *Kalucki* v. *Foundry Co.*, 200 Mich. 604; *Dane* v. *Traction Co.*, 200 Mich. 612, and *Schild* v. *Railroad Co.*, 200 Mich. 614. Consistent with its holding in these cases the board held that the six months period given the employee to make claim for compensation (2 Comp. Laws 1915, § 5445) did not begin to run until the employee definitely learned that he had lost the sight of his eye. In the cases cited we did not agree with the construction placed upon this section of the act by the board, but held that

while the words "accident" and "injury" are not synonymous, that the accident produced the injury and in point of time they were concurrent. We therefore held in each of the cases cited that a claim for compensation made by the employee more than six months after the happening of the accident was not seasonably made, that the statute began to run from the date of the accident, and vacated the award. The present case is ruled by these cases. The claim for compensation in the instant case was not made until about four and one-half years after the accident—after the injury.

The award must be vacated.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.