BROWN v. WESTON-MOTT CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PRESENT-
ING CLAIM—LIMITATION OF ACTION.

    Claim for compensation under the workmen's compensation
    act, not made until more than two years after the acci-
    dent, is barred by section 15, pt. 2, of the act (section
    5445, 2 Comp. Laws 1915), although the employer had
    actual knowledge of the accident and paid for an opera-
    tion and all physician's services.

Certiorari to Industrial Accident Board. Submitted
June 11, 1918. (Docket No. 85.) Decided July 18,
1918.

Joseph R. Brown presented his claim for compensa-
tion against the Weston-Mott Company for injuries
received in defendant's employ. From an order award-
ing compensation, defendant and the Massachusetts
Bonding & Insurance Company, insurer, bring certio-
rari. Reversed, and order vacated.

*Monaghan, Monaghan, O'Brien & Crowley,* for ap-
pellants.

*James S. Parker* and *Clay W. Wilber,* for appellee.

    FELLOWS, J. November 9, 1914, a piece of steel
accidentally entered the right eye of plaintiff, an em-
ployee of defendant Weston-Mott Company. Febru-
ary 3, 1917, he filed a claim for compensation. From
the time of the accident to the time of the hearing
before the arbitrators plaintiff had been constantly
employed by the defendant, with the exception of a
few days when first injured and about a month at
the time his eye was operated on shortly before he

---

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

made claim for compensation. At the time of the hearing his wages were more than when injured. It appeared, however, that he had practically lost the use of the eye and had had a serious operation, which, together with all physician's services, had been paid for by the defendants. The only questions therefore involved relate to compensation under section 10, part 2 of the act (2 Comp. Laws 1915, § 5440), and whether the claim for compensation was seasonably made. Defendants insisted before the arbitrators and the board that such claim, made more than two years after the accident, was barred by section 15, part 2, of the act (2 Comp. Laws 1915, § 5445). The industrial accident board awarded compensation, and this writ was allowed.

The defendant is correct in its contention. This court has fully considered and determined this question, holding as contended by defendant in the following cases: *Cooke* v. *Furnace Co.*, 200 Mich. 192 (166 N. W. 1013); *Kalucki* v. *Foundry Co.*, 200 Mich. 604 (166 N. W. 1011); *Dane* v. *Traction Co.*, 200 Mich. 612 (166 N. W. 1017); *Schild* v. *Railroad Co.*, 200 Mich. 614 (166 N. W. 1018); *Peterson* v. *Fisher Body Co.*, 201 Mich. 529 (167 N. W. 987). It is due the board to state that the instant case was decided by it prior to the handing down of the cases cited.

But plaintiff's counsel insists that the employer had full knowledge of the accident and the resultant injury; that he continued in its employ under its observation; and that he is required under the act to do no more than he has done. It is undoubtedly true that this record discloses such knowledge of the accident and injury by the employer as to justify, and, in fact, require the board to find that the employer had notice of the injury. But the section above cited requires not only notice of the injury but also claim for com-

pensation, one to be given within three months and the other to be made within six months after the occurrence of the injury. We have recently held that the claim for compensation must be an unequivocal one. *Baase* v. *Banner Coal Co., ante,* 57 (167 N. W. 594). Upon this record there is no evidence that such a claim for compensation was made until February 3, 1917, more than two years after the injury.

The award must be vacated.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.