RUBIN v. FISHER BODY CORPORATION.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — UN-
EQUIVOCAL CLAIM—LIMITATION OF ACTION.
   A claim under the workmen's compensation law must be
an unequivocal one, and must be made within the period
of six months fixed by the statute (2 Comp. Laws 1915,
§ 5445).[1]

2. SAME—CLAIM—EVIDENCE—SUFFICIENCY.
   Testimony of claimant that after leaving defendant's em-
ploy he had frequent conversations with his former fore-
man as to what was going to be done for him, held, in-
sufficient to establish the fact that a claim was made in
conformity with the statute.

3. SAME—STATUTE—LEGAL LIABILITY.
   Legal liability under said statute may not be predicated on
mere guess or probability.

Certiorari to Industrial Accident Board. Submitted
February 5, 1919. (Docket No. 76.) Decided May
29, 1919.

Sam Rubin presented his claim for compensation
against the Fisher Body Corporation for injuries re-
ceived in defendant's employ. From an order award-
ing compensation, defendant and the Employers' Lia-
bility Assurance Corporation, Limited, insurer, bring
certiorari. Reversed, and award set aside.

*Frederick T. Witmire*, for appellants.
*Frank J. Riggs*, for appellee.

Claimant was injured on the·19th day of June, 1917,
while in the employ of the defendant Fisher Body Cor-
poration. On December 26, 1917, he filed a written
claim for compensation for loss of the sight in his
right eye. The record shows that claimant reported
his accident to his foreman and was sent to Dr. Schorr

[1]See notes in L. R. A. 1916A, 83, 245; L. R. A. 1917D, 135;
L. R. A. 1918E, 559.

for treatment, who in turn sent him to Dr. Bentley, an eye specialist, by whom he was treated for about a month. On July 21, 1917, the doctor advised him that he was able to return to work. He did return to work for the defendant but only put in about 14 or 15 hours' time when he quit and sought employment elsewhere. For a short time he took and sold pictures on the street, then went into the peddling business with his brother, operating near the premises of the defendant Fisher Body Corporation, where they sold fruit to the employees of that concern during the noon hour. Although no written claim for compensation was filed within the statutory period, it was asserted by claimant that during the period when he was selling fruit to the employees of the Fisher Body Corporation he frequently saw and had conversations with Mr. Caldmeyer, his former foreman. He testified:

"*Q.* You told this foreman that you expected that you wanted compensation for the loss of the eye?

"*A.* Yes, sir, I did; I told Mr. Caldmeyer, who is the general foreman. * * *

"*A.* Every day I used to come in and ask Mr. Caldmeyer what is going to be with me? Are you going to give me some benefit? I cannot make a living. I had to go on the street. * * * I asked him what is going to be, am I going to have any benefit out of it? He says he don't know anything about it. He says to me, we will try to give you some work and then if we cannot find you a job we will see what we got to do with you. * * *

"*Q.* Caldmeyer?

"*A.* Yes, sir, that is his name.

"*Q.* Then you deny telling me you never demanded any compensation before?

"*A.* Why, I don't understand the word 'compensation.'

"*Q.* Well, damages, for your eye, pay for your eye?

"*A.* I never spoke for damages, but I told him what benefit am I going to have for it, am I going to have

any pay for leave until I got fixed up on my eye. I have three children to support.

"Q. You spoke to the foreman about that?

"A. Yes, sir, I did.

"Q. You did not speak to any officer of the company?

"A. I didn't know any officer around there. He is the only man that is around there.

"Q. The only man you knew?"

An award was denied by the arbitration committee upon the ground that:

"No claim for compensation was made within six months from the date of the accident."

On appeal to the full board the determination of the arbitration committee was reversed and an award of $10 per week for 100 weeks as for the loss of an eye was made. In treating the question of notice the board said:

"We think that under the testimony he made an unequivocal claim on a good many different occasions during the six months immediately following the accident. We have not quoted all the testimony concerning the claim. He was evidently a man of little education and not too much intelligence. He did not even understand the meaning of the word 'compensation,' as he repeatedly testified. The persons to whom he says he made a claim for compensation did not deny that he made such a claim. He probably did not use the word 'compensation.' He probably said he wanted pay for the injury to his eye. He certainly had the question of some sort of recompense for the injury to his eye up with the employers' representatives many times. While he had a trace of vision in his eye, his eye was practically lost, and the board does not think it could possibly find upon this record that the applicant had not made a claim for compensation within six months after the accident happened to him."

BROOKE, J. (*after stating the facts*). Defendants in this court urge that the board was in error in hold-

ing that claimant was not barred from recovery upon the ground that he had made no claim for compensation within six months after the date of the injury. We think appellants' contention sound. We have held that a claim for compensation must be an unequivocal one. *Baase* v. *Banner Coal Co.*, 202 Mich. 57; *Brown* v. *Weston-Mott Co.*, 202 Mich. 592, and the following cases are conclusive upon the point that such claim must be made within the period of six months fixed by the statute. *Cooke* v. *Furnace Co.*, 200 Mich. 192 (L. R. A. 1918E, 552) ; *Kalucki* v. *Foundry Co.*, 200 Mich. 604; *Dane* v. *Traction Co.*, 200 Mich. 612; *Schild* v. *Railroad Co.*, 200 Mich. 614; *Peterson* v. *Fisher Body Co.*, 201 Mich. 529. The industrial accident board in reaching the conclusion that a claim was made said:

"He probably did not use the word compensation. He probably said he wanted pay for the injury to his eye."

Legal liability may not be predicated on mere guess or probability. *Draper* v. *Regents of University of Michigan*, 195 Mich. 449.

The award must be set aside.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.