GEORGIA CASUALTY CO v. WARD et al.*
(No. 2241.)

(Court of Civil Appeals of Texas. Texarkana.
March 11, 1920. On Motion for Re-
hearing, April 22, 1920.)

On Motion for Rehearing.

1. Master and servant ⬉⬊401—Allegation of timely claim for compensation essential.

In an action for injuries to or death of employé, plaintiffs must allege that the claim for compensation was made within six months after the injury, or, in action for death, within six months after death, as required by Employers' Liability Act, § 4a (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp).

2. Master and servant ⬉⬊398—Suit held not "claim for compensation" within Employers' Liability Act.

The prosecution of a suit for an employé's death held not a "claim for compensation" within Employers' Liability Act, § 4a (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp), requiring that "claim for compensation" be made within six months after injury or death, or removal of physical or mental incapacity, as a condition precedent to proceeding for compensation.

3. Master and servant ⬉⬊398—Insurer held not to have waived claim for compensation under Employers' Liability Act.

Insurer's attorneys, by advising attorneys for plaintiffs, in action for compensation for employé's death, that the matter had been referred to them, that the attorneys for plaintiffs should have claim for compensation filled out, and that insurer was investigating plaintiffs' claim and would advise plaintiffs as to its decision as soon as investigation was completed, did not waive the making of a claim for compensation for the employé's death within six months thereafter, as required by Employers' Liability Act, § 4a (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp).

4. Master and servant ⬉⬊394—Proceedings for compensation for death to be instituted before Industrial Board before suit.

An action for compensation for death of employé which occurred after the amendment of the Employers' Liability Act by Gen. Laws 1917, c. 103 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), is not maintainable unless proceedings have been prosecuted to a decision in the first instance before the Industrial Accident Board.

Appeal from District Court, Hunt County; A. P. Dononey, Judge.

Action by Jessie Ward and others against the Georgia Casualty Company and others. Judgment for certain of the plaintiffs, and the named defendant appeals. Reversed and dismissed.

In June, 1916, the Farmers' Cotton Oil Company, then operating a manufacturing plant at Wichita Falls, was a "subscriber"

and appellant was "the association," within the meaning of the Employers' Liability Act, approved April 16, 1913. General Laws, c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h et seq.). On the 2d day of that month W. S. Ward, then an employé of said oil company, was injured in the course of his employment by being struck on the head by a wrench thrown by machinery in the oil company's plant. One Dea, said oil company's superintendent, was present at the time the accident occurred, and afterwards, but on the same day, caused a notice thereof to be sent to appellant and to the Industrial Accident Board created by said act. Ward did not present a claim for compensation as provided by the act until March 13, 1918. On that day he made such a claim on appellant, and at the same time forwarded a copy thereof to said board. There is nothing in the record showing action of any kind by the board on the claim. This suit was commenced by Ward April 2, 1918. He died April 15, 1918. By an amended petition filed April 17, 1918, his mother and his widow, for herself and as next friend for her minor child, became plaintiffs. They alleged that the injury Ward suffered June 2, 1916, as hereinbefore stated, was the cause of his death. The trial was to the court without a jury, and resulted in a judgment in favor of said widow and minor child against appellant for $1,330, and that the mother take nothing by the suit. The appeal was by the casualty company alone.

Frank S. Anderson, of Galveston, for appellant.
B. Q. Evans, of Greenville, for appellees.

WILLSON, C. J. (after stating the facts as above). Part of section 4a, pt. 2, of the Employers' Liability Act approved April 16, 1913 (General Laws, pp. 429 to 438 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp]), was as follows:

"No proceedings for compensation for injury under this act, shall be maintained * * * unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employé, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

It is insisted that making claim for compensation for an injury within the time specified in the part of the act just set out was a prerequisite to the existence in an employé of a right to an award thereunder; and that, because appellees did not specifically allege in their petition that claim for compensation for the injury to Ward was so made, the trial court erred when he overruled the demurrer to said petition on the

ground that it did not appear from the allegations therein that appellees had a cause of action against appellant. It will be noted that by the terms of the act, "in case of the death of the employé" it was sufficient if the claim for compensation was made within six months thereafter. It was alleged in the amended petition filed by appellees April 17, 1918, that Ward died April 15, 1918. The filing of that petition was a claim by appellees for compensation provided for in the act, and, as it was filed within six months. after Ward died, we see no reason why the trial court should have sustained the demurrer. Ackerson v. National Zinc Co., 96 Kan. 781, 153 Pac. 530. It is next insisted that if it sufficiently appeared from the allegations in the petition that appellees were entitled to compensation provided for in the act, the right to hear and determine the matter in the first instance was in the Industrial Accident Board alone, and that the court below therefore was without power to hear and determine it as he did. The argument is that by the terms of the act, properly construed, "no suit," quoting from appellants' brief—

"can be brought upon a disputed claim until it has first been adjudicated by the Industrial Accident Board, and in the event the decision is not accepted suit may be brought upon the claim in the nature of an appeal from the findings of the board."

This court held to the contrary of the contention in the (to the writer) satisfactory opinions by Justice Levy in Fidelity & Casualty Co. v. House, 191 S. W. 155, and Roach v. Employers' Ins. Ass'n, 195 S. W. 328. As we view the matter, the conclusion reached in those cases was a sound one. Other objections to the judgment are set out in the assignments, but we think none of them presents a reason why it should be reversed. Therefore it is affirmed.

### On Motion for Rehearing.

[1-3] The language of the part of section 4a of the act of April 16, 1913, set out in the opinion affirming the judgment, is emphatic that "no proceeding for compensation" under it should be maintained unless claim for the compensation was made as it provided; that is, within six months after the employé suffered the injury, or, in case of his death, within six months thereafter. Similar provisions in like statutes in other jurisdictions have been construed to be mandatory and a compliance with requirements thereof to be indispensable to the existence of a right to maintain proceedings to compel the payment of compensation provided for therein. Haiselden v. Industrial Board, 275 Ill. 114, 113 N. E. 877; Bushell v. Industrial Board, 276 Ill. 262, 114 N. E. 496; Monstgaard v. Industrial Commission, 287 Ill. 156, 122 N. E. 49; Central Locomotive & Car Works v. In-

dustrial Commission, 290 Ill. 436, 125 N. E. 369; In re Levangie, 228 Mass. 213, 117 N. N. E. 200; Kalucki v. American Car & Foundry Co., 200 Mich. 604, 166 N. W. 1011; Brown v. Weston-Mott Co., 202 Mich. 592, 168 N. W. 437; Rubin v. Fisher Body Corporation, 205 Mich. 605, 172 N. W. 534; Smith v. Solray Process Co., 100 Kan. 400, 163 Pac. 645. It does not appear from either appellees' pleadings or the testimony that Ward within six months after he suffered the injury made a claim for compensation therefor, nor that appellees within six months after his death made such a claim, unless their prosecution after Ward's death of the suit commenced by him in his lifetime was such a claim within the meaning of the statute. On further consideration of the matter we have concluded that the prosecution of that suit by appellees was not such a claim, and therefore that we erred when we held to the contrary and overruled the assignments in appellant's brief attacking the judgment as unauthorized by either the pleadings or the testimony. We do not think there is merit in appellees' insistence that it appeared that appellant had waived its right, if it ever had any, to urge the failure to present a claim for compensation as a reason why appellees should not be allowed to maintain the suit. The insistence seems to be based on letters written by agents of appellant to appellees' attorneys March 20, 1918, and April 3, 1918. In the first of the two letters said agents merely advised said attorneys that their letter of March 13 to appellant had been referred to them, and requested said attorneys if they were—

"representing Mr. Ward for compensation to have a claim for compensation blank filled out and return to us, together with your advices as to what amount of compensation Mr. Ward is claiming, and the period of disability for which he is claiming compensation."

And the other merely advised said attorneys that said agents were—

"making investigation of the claim, and will advise you position of the company as to payment just as soon as investigation is completed."

It cannot with reason be contended that the letters, assuming the existence in the agents who wrote them of authority to bind appellant, constituted an agreement to waive the failure to present a claim for compensation within the time fixed by the statute, and it does not appear from anything we have found in the record that appellees because of the letters did anything they would not have done or failed to do anything they would have done had they never been written. 40 Cyc. 252 et seq.; 4 R. C. L. 799; Adams v. Crittenden, 191 S. W. 835.

[4] It follows from what has been said that we are of the opinion the suit, so far as it was a continuation of the one com-

menced by Ward and in his right, could not be maintained, because of his failure to make a claim for compensation for the injury within six months after he suffered it. And, we add, so far as it was for compensation for Ward's death, which occurred after the act of March 28, 1917 (General Laws, c. 103 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.]), amending the act of April 16, 1913, took effect, it could not be maintained, because by the terms of the statute as amended proceedings for the compensation must have been commenced and prosecuted to a decision in the first instance before the Industrial Accident Board.

The motion for a rehearing will be granted, the judgment heretofore rendered here will be set aside, the judgment of the court below will be reversed, and, it appearing from the record conclusively, we think, that Ward did not within the time fixed by the statute present a claim for compensation for the injury he suffered, judgment will be rendered here dismissing the suit, but without prejudice to the right of appellees to prosecute before the Industrial Board a claim for compensation for the death of said Ward.