## UNITED STATES CASUALTY CO. *et al. v.* SMITH.

1. The original application of the employee being for compensation for temporary total disability arising from a burn on his neck and from ammonia poisoning, for which the employer and the insurer paid him nine weekly payments of $12 each, and in consideration of such voluntary payment of such compensation he having released and forever discharged the employer and the insurer "from all claims and demands whatsoever by reason of the above-stated injury," such release did not bar the application under section 45 of the workmen's compensation law, to review the original award and to recover additional compensation for a disease which subsequently resulted naturally and unavoidably from the injury; the release and settlement having been executed upon the assumption that the employee was entitled to compensation only for the burn on his neck and the ammonia poison, and not including compensation for another injury superinduced by the original injury. The settlement agreement, construed in the light of an express provision therein that the employer was to pay such other amounts as might be determined to be due the employee on account of the nature,

Workmen's Compensation Acts, C. J. p. 108, n. 90, 95; p. 115, n. 37.

duration, and result of the injury, and in view of section 45, supra, was effective to discharge the employer and insurer from all claims and demands of compensation for the burn and the ammonia poison, but did not preclude the claim for compensation for another injury superinduced by the original accident.

2. It was not error to hold that the limitation prescribed in section 25 of the workmen's compensation law had no application to a proceeding brought in a proper case, under section 45, to review a settlement agreement or award.

3. The finding of the commissioner, the commission, the judge of the superior court, and the Court of Appeals, in favor of the conclusion that the employee was suffering from the disease of blastomycosis resulting naturally and unavoidably from the original injury sustained by him, was not without evidence to support it.

No. 5106. APRIL 15, 1926. REHEARING DENIED JUNE 28, 1926.

Certiorari; from Court of Appeals. 34 *Ga. App.* 363.

*McDaniel & Neely* and *Harry L. Greene,* for plaintiffs in error.
*Hendrix & Buchanan,* contra.

HINES, J. 1. An employee applied to the Industrial Commission for compensation for an injury caused by his "being burned on the back of the neck by steam and poisoned by ammonia gas" while in the service of his employer. He asked compensation for a temporary total disability. Pending this application the employee and employer entered into a written agreement of settlement by which the latter was to pay the former $12 weekly, beginning September 5, 1921, during disability. In this writing the parties further agreed that the facts therein stated and the amounts to be paid thereunder are in strict accordance with our compensation law; and they further agreed to receive and pay compensation and such other amounts as may be determined from the nature, extent, duration, and result of the injury therein described. On December 29, 1921, the employee gave to the employer his receipt for $108. This receipt recited that the above sum was the final payment of compensation due the employee under our compensation law for all injuries received by him on the date of the above accident, which covered a period of nine weeks. On the same day the employee and the insurance carrier entered into an agreement in which the latter, in consideration of the release therein set out, agreed to pay voluntarily to the former compensation in accordance with the terms of said act, and at the weekly rate of $12 for nine weeks, on account of injuries sustained by the employee at the date of the above accident, and in consideration of said agree-

ment the employee released and forever discharged the employer and the insurer "from all claims and demands whatsoever whether enforceable in law, by reason of the above-stated injury." The above agreements were approved by the commission. On August 18, 1923, the employee applied to the commission to review its former award and to grant him additional compensation for the loss of one of his arms, amputated on July 4, 1922, which loss was brought about, as he alleged, by the disease of blastomycocis which resulted from said injury, and which was brought about by a vegetable germ which entered his body and blood through the break of the skin of his neck due to said burn. In defense the employer and insurer set up the above release. The Court of Appeals held that said release did not bar "such application for review, nor preclude an award thereon contrary to the stipulation." *United States Casualty Co.* v. *Smith*, 34 *Ga. App.* 363 (129 S. E. 880). The employer and insurer, in their certiorari to review the decision of the Court of Appeals, assign error on this ruling.

1. The original application of the employee being for compensation for temporary total disability arising from a burn on his neck and ammonia poisoning, for which the employer and insurer paid him nine weekly payments of $12 each, and in consideration of such voluntary payment of such compensation by the insurer the employee having released and forever discharged the employer and the insurer "from all claims and demands whatsoever . . by reason of the above-stated injury," such release did not bar the application of the employee, under section 45 of the workmen's compensation law, to review the original award and to recover additional compensation for a disease which subsequently resulted naturally and unavoidably from said injury. The agreement of settlement between the employee and the employer and the one between the employee and the insurance carrier were made upon the assumption by the parties that the employee was only entitled to compensation for the burn on the back of his neck and for the ammonia poison, and the release was executed on the same assumption; for which reason the release does not preclude the employee from claiming compensation for another injury superinduced by the original injury. Zinken *v.* Melrose Granite Co., 143 Minn. 397 (173 N. W. 857); Mass. Bonding & Insurance Co. *v.*

Industrial Accident Com., 176 Cal. 488 (168 Pac. 1050) ; Lemieux's case, 223 Mass. 346 (111 N. E. 782).

The settlement agreement expressly provided that the employer was to pay such other amounts as might be determined to be due the employee on account of the nature, duration, and result of the injury. Construing the release in the light of this provision, and in view of section 45 of the workmen's compensation act, the effect of the release was to discharge the employer and insurer from all claims and demands whatsoever growing out of the injury for which the employee was then seeking compensation, that is, for the burn and ammonia poison, but did not preclude the employee from claiming compensation for another injury superinduced by the original accident.

2. The Court of Appeals held that the limitation prescribed in section 25 of the workmen's compensation act has no application to a proceeding brought by an employee to review an award or settlement under section 45 of that act. Petitioners assign error upon this ruling of the Court of Appeals. Section 25 of this act declares that "The right to compensation under this law shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter." Acts 1920, pp. 167, 181; 9 Park's Code Supp. 1922, § 3154(y). Unless the claim for compensation under this law is filed with the commission within one year after the accident, or, if death results from the accident, within one year thereafter, the right to compensation is forever barred. The filing of the claim for compensation with the Industrial Commission within the time prescribed is jurisdictional; and unless this is done, the commission is without authority to grant the injured employee compensation. Podkastelnea *v.* Michigan Cent. R. Co., 198 Mich. 321 (164 N. W. 418) ; Kalucki *v.* American Car & Foundry Co., 200 Mich. 604 (166 N. W. 1011) ; Dane *v.* Michigan United Traction Co., 200 Mich. 612 (166 N. W. 1017) ; Schild *v.* Pere Marquette R. Co., 200 Mich. 614 (166 N. W. 1018) ; Haiselden *v.* Industrial Board of Illinois, 275 Ill. 114 (113 N. E. 877) ; Peterson *v.* Fisher Body Co., 201 Mich. 529 (167 N. W. 987) ; Rubin *v.* Fisher Body Cor., 205 Mich. 605 (172 N. W. 534) ; Brown *v.* Weston-Mott Co., 202 Mich. 592 (168 N. W.

437) ; Schwartz *v.* Hartman Furniture & Carpet Co., 205 Ill. App. 330; Petroska *v.* National Acme Co., 95 Vt. 76 (113 Atl. 536) ; Ohio Oil Co. *v.* Industrial Commission, 293 Ill. 461 (127 N. E. 743) ; Stein *v.* Packard Motor Car Co., 210 Mich. 374 (178 N. W. 61) ; Twonko *v.* Rome Brass & Copper Co., 224 N. Y. 263 (120 N. E. 638).

Section 45 of this act provides that "Upon its own motion before judicial determination, or upon the application of any party in interest on the ground of a change in condition, the industrial commission may at any time review any award or any settlement made between the parties and filed with the commission, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this law. . . No such review shall affect such award as regards any monies paid." Acts 1920, pp. 167, 191; 9 Park's Code Supp. 1922, § 3154(ss). A proceeding for review, brought in a proper case under this section, is not barred by the limitation prescribed in section 25. A proceeding to review an award or settlement under section 45 may be brought "at any time." The language, "at any time," does not give to an employee unlimited time in which to file his proceeding to review. Such proceeding must be brought (a) before the matter sought to be reviewed has been judicially determined, (b) before such proceeding has become res adjudicata (*Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 123 S. E. 897), and (c) while the commission has jurisdiction of the subject-matter. Compliance with the requirements of section 25 of this act gives the commission jurisdiction; and a proceeding to review under section 45 must be brought during the continuance of the jurisdiction of the commission over the subject-matter involved. The proceeding to review is not a new proceeding, but is based upon the jurisdiction of the commission acquired by the filing of the original proceeding for compensation. The jurisdiction of the commission over a case is lost when there is full compliance with its award, unless there is a provision in the act or in the award conferring continued jurisdiction of the case upon the commission. Bosquet *v.* Howe Scale Co., 96 Vt. 364 (120 Atl. 171).

Section 45 of this act expressly provides for compensation in a case where there has been a change in the condition of the em-

ployee; and this necessarily extends the jurisdiction of the commission to review a settlement agreement or its original award. Choctaw Portland Cement Co. *v.* Lamb, 79 Okla. 109 (189 Pac. 750). Besides, the original award in this case provides for the exercise of continual jurisdiction. In the settlement agreement between the employer and the employee the parties agreed to receive and to pay compensation and such other amounts as might be determined to be due the employee by the nature, extent, duration, and result of the injury described in the original claim; and this agreement was approved by the commission and merged in its award. In reviewing its original award the commission was proceeding strictly in compliance with the lines left open by express reservation in the original award. In re Hunnewell, 220 Mass. 351 (107 N. E. 934). It follows that the Court of Appeals did not err in holding that the limitation prescribed in section 25 had no application to a proceeding to review a settlement agreement or award brought under section 45 of this act.

3. In the fourth headnote and in the corresponding portion of its opinion, the Court of Appeals held that "The Industrial Commission was authorized to find that the employee was suffering from the disease of blastomycosis, and that it resulted naturally and unavoidably from his original injury." Petitioners except to this ruling, and assert that the Court of Appeals erred in so finding, on the grounds: (a) that said ruling is based solely upon the legal conclusions of medical witnesses, which are without probative value; (b) that the Court of Appeals misconstrued section 2(d) of the workmen's compensation law; (c) that the Court of Appeals misconceived the purport of the decision in *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (46 S. E. 678); (d) that that court erred in its ruling that the commission was amply authorized to find that the disease of blastomycosis was caused by the entrance of the germ through the sore on the neck of the employee, and that the entry followed his exposure to ammonia gas; and (e) that the Court of Appeals erred in holding that it was not necessary for the evidence to show when, where, and under what circumstances the germ made its entrance into the person of the employee. The ruling of the Court of Appeals is not based upon the legal conclusions of medical experts. Whether the employee was suffering from blastomycosis, what was the origin of

this disease, and whether this disease was communicated to the employee by the entry of the germ, which produces it, through the blister on the neck of the employee, or whether it was communicated otherwise, were all questions of fact and not questions of law, or questions of mixed law and fact; and it was competent for medical experts to give their opinions as to the existence, origin, and method of communication of blastomycosis to the employee. *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 372 (40 S. E. 239); *Harper* v. *State,* 129 *Ga.* 770 (4) (59 S. E. 792); *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749 (10) (65 S. E. 844).

Section 2(d) of the workmen's compensation law is as follows: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident." Acts 1920, p. 167; 9 Park's Code Supp. 1922, § 3154(b), par (d). In construing this provision the Court of Appeals held that the disease from which an employee suffers, to be within the workmen's compensation act, must result naturally and unavoidably from injury received in course of employment; "naturally" meaning according to the laws of nature or the usual course of things. In thus construing this act the Court of Appeals did not hold that an employee is entitled to receive compensation for a disease which arises naturally and in the usual course of things, whether such disease results from the injury received by the employee or not; but, on the contrary, the construction put on this provision by that court is that a disease compensable under this act must result naturally, that is, according to the laws of nature or usual course of things, and unavoidably from an injury received by an employee in the course of his employment. In the view which we take of this case it is unnecessary to determine whether the Court of Appeals misconceived the purport of the decision in *Travelers Insurance Co.* v. *Thornton,* supra. The Court of Appeals did not err in holding that it was not necessary for the evidence to show when, where, and under what circumstances the germ, which produces the disease of blastomycosis, made its entry into the person of the employee. The injury from which the disease is claimed to have resulted must be traceable to a definite time, place, and cause. Matthiessen & Hegler Zinc Co. *v.* Industrial Board, 284 Ill. 378

(120 N. E. 249); Western Shade Cloth Co. v. Industrial Commission, 308 Ill. 554 (140 N. E. 45). When an injury is traced to a definite time, place, and cause, and disease results from such injury thus proved, the disease springing from germ infection, it is not incumbent upon the employee to establish the time and place when and where the germ entered his system. This would require of the employee an impossibility. The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the workmen's compensation act. Glasgow Coal Co. v. Welsh (Eng.), 2 A. C. 1, Ann. Cas. 1916E, 161; Fenton v. Thorley (Eng.) (1903), A. C. 443.

The question which has given us most trouble is whether the above finding of the Court of Appeals is supported by the evidence. The commissioner, the full commission, the judge of the superior court, and the Court of Appeals have all found that there was evidence authorizing the finding that the employee suffered from blastomycosis, which resulted naturally and unavoidably from the original injury sustained by the employee; and after a careful examination of the evidence we can not say that this finding of these tribunals, who are specially charged by law with the ascertainment of the facts in cases of this kind, is wholly without evidence to support it.

*Judgment affirmed. All the Justices concur, except Gilbert, J., who dissents.*