## MARTINI, ET UX. v. KEMMERER COAL CO.

(No. 1443; March 27, 1928; 265 Pac. 707)

*W. O. Wilson,* Attorney General, *J. A. Greenwood,* Deputy Attorney General, and *J. A. Christmas,* for plaintiffs in error.

*T. S. Taliaferro, Jr.,* and *Arthur-Lee Taliaferro,* for defendant in error.

BLUME, Chief Justice.

Frank Martini, an employee of the Kemmerer Coal Company, was killed in a mine disaster on August 14, 1923. The employer duly filed notice of the death, as required by law, on August 21, 1923. No claim for compensation having been filed within twelve months, the court entered an order, on September 15, 1924, directing the matter to be closed and discontinued. On April 8, 1925, Dionigio Martini and Mary Martini filed a motion to re-open the matter, claiming compensation under the law as surviving parents of the deceased. This application was denied. On February 1, 1926, they filed a petition, making the same claim, asking compensation in the sum of $333.33. Before the hearing on this petition and on March 17, 1927, they filed an affidavit stating, among other things, that they had resided in Italy until May, 1925, when they came to the United States and that the decedent had sent them money during his life time and up to the 7th day of August, 1923. Nothing is shown either in the petition or in the affidavit as to when claimants received notice of the death of their son, nor does that fact appear otherwise in the record. Claimants did not attempt to show that they were unable to file their claim within twelve months after Frank Martini's death. A demurrer was filed to the petition. This demurrer was sustained, the claim of the petitioners was denied, and from that judgment an appeal has been taken to this court. The only question involved herein is as to whether or not the claim for compensation was filed in time.

1. Section 4326, Wyo. Comp. Stat. 1920, as amended by Ch. 60, Paragraph 6, of the Session Laws of 1923, in force at the time of the accident under consideration here, provides as follows:

"The injured employee's report of accident may be made upon a printed form prepared by the State Treasurer for that purpose and no applications shall be valid or claim for compensation enforceable unless such application or claim is filed by the injured workman or someone on his behalf with the clerk of the District Court in the county wherein such accident occurred within twelve months after the day upon which the injury occurred or the right thereto accrued."

The injury received by Frank Martini resulted in death, and it is contended that whenever that is true a claim cannot well be filed by the injured workman or by someone on his behalf, and that accordingly the limitation contained in the statute cannot be held to be applicable. That contention might be good were it not for other statutory provisions. But subdivision (i) of Section 4321, Wyo. Comp. Stat. 1920 specifically provides "any reference to workman who has been injured shall, where the workman is dead, include a reference to his 'dependent family' as hereinafter defined." It is clear, accordingly, that if the parents of the decedent come within the term "dependent family" the claim was required to be filed within twelve months by them or by someone in their behalf. Now that fact cannot admit of doubt, for otherwise claimants would not be entitled to any compensation at all. In fact, subdivision (k) of Section 4321 makes the point very clear as to claimants herein by stating:

"The foregoing definition of 'dependent families' shall not include any of the persons named who are aliens residing beyond the jurisdiction of the United States of America except * * * parent or parents."

It appears, accordingly, that the limitation of time for filing a claim, mentioned above, is applicable in the case at bar, and the statute, stripped of all superfluous words, plainly reads:

"No applications shall be valid or claim for compensation enforceable unless such application or claim is filed * * * within twelve months after the day upon which the injury occurred or the right thereto accrued."

In the instant case, the date of the accrual of the right and that of the injury is the same, and the only remaining question herein is, as to whether or not the limitation of time is mandatory, or whether the fact that claimants were aliens and resided in Italy at the time of the death of the decedent, and for some time thereafter, should be held to excuse them.

2. The various Workmen's Compensation Acts are not all alike. Thus the Massachusetts and the Kansas Acts, as well as the English Act provide, among other things, that if the failure to file a claim within the statutory time is due to mistake or other reasonable cause, such failure shall be excused. Cases decided on the point under consideration under such statutes cannot, of course, be a safe guide for us in determining the force and effect of our statute, although we might mention that the Massachusetts court, in the case of In re Gorski, 227 Mass. 456, 116 N. E. 811, has held that simple absence from the country is not a sufficient excuse for not filing a claim in time, but that the burden is on the claimant to show further that the claim could not have been filed within the time provided by statute and that in the absence of such showing the allowance of a claim must be reversed. So that, even if our statute contained a provision similar to that in Massachusetts, we should still, if we were to follow the case last cited, be constrained to hold that no sufficient excuse for not filing the claim in time had been offered therein.

Now turning to cases which have been decided under statutes which like ours, contain no qualifying clause we find the courts almost, if not entirely, unanimous in holding that without such qualifying clause the statute

fixing the time within which a claim must be filed is mandatory and that a claim is barred if not filed within such time. Among these cases are: Aiselden v. Industrial Board, 275 Ill. 114, 113 N. E. 877; Bushnell v. Industrial Board, 276 Ill. 262, 114 N. E. 469; Ideal Fuel Co. v. Ind. Com., 298 Ill. 467, 131 N. E. 649; Kirk v. Sullivan, 213 Ky. 154, 280 S. W. 925; Good v. City of Omaha, 102 Neb. 654, 168 N. W. 639; Petraska v. National Acme Co., 95 Vt. 76, 113 Atl. 536; Miller v. Ind. Acc. Comm., 172 Cal. 473, 156 Pac. 1033; Graham v. Brick Company, 150 Tenn. 660, 266 S. W. 770; Milwaukee v. Miller, 154 Wisc. 652, 144 N. W. 188, L. R. A. 1916 A. 1; Smith v. Tapestry Company, 285 Pa. 145, 131 Atl. 703; Kaluki v. Car & Foundry Co., 200 Mich. 604, 166 N. W. 1011; Peterson v. Fisher Body Co., 201 Mich. 529, 167 N. W. 987; Rubin v. Fisher Body Corporation, 205 Mich. 605, 172 N. W. 534; Schneider, Workmen's Compensation, Sec. 545. In the case of Inland Rubber Co. v. Industrial Com., 309 Ill. 43, 140 N. E. 26, the court said:

"The making of a claim for compensation is jurisdictional and a condition precedent to the right to maintain an action under the Compensation Act. The claimant having failed to make a claim within the statutory period, the industrial commission was without jurisdiction to proceed with the hearing."

In the case of Simmons v. Holcomb, 98 Conn. 770, 120 Atl. 510, in speaking of a like claim, the court said:

"The making of the claim and the time thereof are matters going to maintenance of the right of action, and come within the general rule that where a statute gives a right of action which did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone. Being a limitation upon the right of action it must be strictly complied with."

To the same effect is Millaley v. Grand Rapids, 231 Mich. 10, 203 N. W. 651; 1 Wood on Limitation (4th Ed.) 11. See also Town Council of Town of Hudson v. Ladd, (Wyo.) 263 Pac. 703. Whether the limitation, notwithstanding the fact that it is said to be jurisdictional, may be waived under certain circumstances, as is held by some of the courts, need not be decided, for the question does not arise here. It is clear that without such waiver, the limitation is, under the authorities already cited, mandatory. The reason therefor lies at least partially in the fact that the purpose of the Workmen's Compensation Acts is to make a speedy adjustment of all claims, and this purpose would be frustrated if the limitation were held to be directory only. The fund from which such claims are paid is, under our law, made up of payments made from time to time by the various employers in the state to the State's Compensation fund. The claims are paid by the State out of this fund, but they are charged up against the credit of the employer for whose employees they are paid, and the employers cease to pay into the fund when the amount of their credit reaches a certain amount. Sec. 4331, Wyo. Comp. Stat. 1920 and amendments thereto. If the credit of a particular employer with the fund has been exhausted, the state, in practice, advances the money for claims properly payable until the employer chargeable therewith will replenish the fund by payments made from time to time at the rate fixed by law. It is clear, therefore, that it is not only the employer who is interested in the prompt making of all claims, but the state is as well, and if claims were permitted to be delayed it might well happen that an employer whose credit in the compensation fund has become exhausted might go out of business, leaving the state without means to recover claims paid thereafter on his behalf. The reasons, accordingly, for construing the limitation above mentioned as mandatory are at least as cogent under the Compensation Act in this state as under that of any other.

If the limitation is mandatory, as we are required to hold it to be, the fact that the claimants were in Italy cannot, of course, be held to be an excuse for not filing the claim in time. So far as the case at bar is concerned, it has not even been shown, as already stated, that the claimants did not have knowledge of the death of their son in ample time to have filed their claim in time. It may be that they did not have knowledge of the law, but we cannot, of course, hold that to be an excuse. Gorski's case, 227 Mass. 456, 116 N. E. 811. It is argued that to construe the law thus would be harsh and deprive the claimants of their constitutional right of due process of law. There is, of course, no merit in the latter contention, and no authority to that effect has been cited. The argument that the limitation is harsh is not a new one and has frequently been mentioned in the decisions, though generally in construing statutes which give only three or six months for filing claims. The period given in this state is twelve months, and it cannot be said that this time is unreasonable. It is possible that harshness may result in certain instances, but we cannot say that the present case is one of them. In any event the legislature has fixed the time, which it had a right to do. It made no exceptions, and for us to read an exception into it would plainly be legislation and not a construction of the law. Situations similar to that in the case at bar have been discussed by the courts in several instances: Poccardi v. Ott, 83 W. Va. 166, 98 S. E. 69; Chmelewska v. Mining Co., (Mont.) 261 Pac. 616; Lipmanowich v. Lumber Co., 168 Minn. 332, 210 N. W. 47; Dragicenic v. Ind. Acc. Comm., (Ore.) 230 Pac. 354; Lough v. Ind. Acc. Com., 104 Ore. 313, 207 Pac. 354; Aetna Life Ins. Co. v. Ind. Comm., (Utah) 241 Pac. 223. In the Poccardi case, the application was not filed within the statutory time on account of the delay of the application in the mail, due to the existence of war between Italy and the Central powers, the applicants living in Italy, with which the United States was not at war. The

court held that this fact was no excuse, saying on that point:

"It is sufficient to answer that the statute makes no exception in favor of delayed applications. It is imperative to entitle the applicant to participate in the compensation fund, he must substantially comply with the statute. * * * Our statute contains no such provision (exception), and such provision cannot be interpolated under the most liberal rules of construction."

In the Chmelewska case the applicant, the widow of the decedent, living in Poland, failed to file her application within the statutory time, due to unpreventable causes. The court held that an excuse for the delay was of no avail and that the applicant was barred from claiming any compensation, the court stating in part:

"But in the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been asserted. * * * 'Our duty is not to enact but to expound the law, not to legislate but to construe legislation, to apply the law as we find it, to maintain its integrity, as it has been written by a coordinate branch of the government.' Cook v. Holland Furnace Co., 200 Mich. 192, 166 N. W. 1013; L. R. A. 1918 E. 552. When the terms of the statute are plain, unambiguous, direct and certain the statute speaks for itself. There is naught for the court to construe. * * * The statute may be deemed a harsh one, but its mandate is clear and unequivocal. There is no room for construction and the difficulties attending upon a judicial variance from the legislative rules are obvious."

In the case of Lough v. Ind. Acc. Comm., supra, a case discussing the subject now under consideration at considerable length, and citing a number of cases, the court said:

"Without making any exception in favor of the insane, the disabled, or the infant, the Legislature has seen fit to prescribe the terms upon which the bounty of the state may

be enjoyed. Those who would avail themselves of the privilege thus extended must comply with its terms, and it does not lie within the power of any judicial tribunal, however beneficial it may be, to add terms that have not been put there by the law-making power. We may well regard this case as one of great misfortune, and yet we are powerless to extend relief where none is awarded by the statute."

It is clear from what we have said that the excuse offered by the claimants for not filing their claim within the statutory time is of no avail herein, and the judgment of the District Court, accordingly, should be affirmed. It is so ordered.

*Affirmed.*

KIMBALL and RINER, JJ., concur.