## 20802. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY *et al.* v. ROUSSEAU.

DECIDED DECEMBER 18, 1930.

*Lewis A. Mills,* for plaintiffs in error. *Shelby Myrick,* contra.

LUKE, J. Beasley Contracting Company, the employer, entered into an agreement with C. E. Rousseau, an employee, for the payment of a stipulated indemnity under the terms of the workmen's compensation act for an accidental injury sustained by the employee in the course of his employment. A memorandum of this agreement was executed by the parties, and submitted to and approved by the industrial commission, in accordance with the provisions of the statute. This agreement remained in force and effect for nearly three years, when the Zurich General Accident & Liability Insurance Company, the insurance carrier, made an application to the industrial commission for permission to stop payment of compensation, on the ground that "disability as a result of the alleged accident, if any, had long ceased." After the usual notice to the parties concerned, a hearing "to determine the status of disability" was granted and conducted by Hon. H. M. Stanley, one of the commissioners, whose findings and award are incorporated in the record. The employer and the insurance carrier joined in an application for review by the full commission, upon which the findings of fact and the award by the single commissioner were fully sustained and affirmed, all the members of the commission concurring. The same parties then prosecuted an appeal, upon substantially, if not identically, the same grounds, to the superior court of Chatham county, and the presiding judge, Hon. Peter W. Meldrim, affirmed the award of the full commission. The assignments of error relied on here are: (1) "That the said decree and award are contrary to law, in that the full commission of the industrial commission of Georgia refused to permit the insurance carrier to show that any previous agreement, payment or judgment or award of the industrial commission of Georgia in the case was based upon a mistake." (2) "That the facts found by the full commission do not support the order or decree." (3) "That there is not sufficient competent evidence in the record to warrant the full commission in making the order or decree of December 17, 1929, complained of."

Everything in the record that could possibly serve as a basis for the first assignment of error is embraced in a brief colloquy between the commissioner and the attorneys for the parties at the very outset of the hearing before Commissioner Stanley. The report

shows that the attorney for the insurance carrier remarked: "The question of change of condition comes up, but the original award was based upon a mistake." The commissioner replied: "We can't go into anything except the present condition of Mr. Rousseau." And counsel for the employee adds: "There is no appeal from that, and it becomes res adjudicata."

In the usual notice given to the parties it was stated that the hearing would be had upon "the status of disability—the changed condition of the employee." It said nothing about the question as to whether or not "any previous agreement, payment or judgment or award" was based upon a mistake. But, notwithstanding this, and notwithstanding the announced view of the commissioner as to the legal limits of the inquiry, testimony was presented by the insurance carrier for the obvious purpose of showing (as Commissioner Stanley states in his findings) "that the employee had no disability from the injury at all." It does not appear that the complainants presented any witness who was refused an opportunity to testify, or that any testimony was ordered to be stricken from the record. So it clearly appears that the first assignment of error is based solely upon a tentative ruling by Commissioner Stanley (which we are strongly inclined to believe to be sound, but which was wholly disregarded in the subsequent proceedings) in favor of the very party who here complains against it. Manifestly this assignment of error can not be entertained.

Touching the second assignment of error, we think it is of no consequence that, as claimed by counsel for the complainants here, portions of the testimony adduced tend to contradict the conclusions reached by the commission. It is enough that these conclusions are in fact based upon competent evidence sufficient to support the order or award. Therefore this assignment is without merit.

We have examined with no small measure of care the evidence embraced in the transcript presented in the record before us. It indicates some differences of opinion between the medical experts upon some vital facts; but there is in the record ample competent, direct, and positive testimony to support the order and award in the case. And this is so, we think, in either aspect of the case as contended for by the complainants—whether in the light of a possible mistaken assumption that the disability did not in fact

result from the injury, or in view of the question whether or not there had been a change in the status of disability.

We are not to be understood, however, as deciding in this case the question as to what extent as a matter of law, and as to what fact or facts, the parties here are concluded by their agreement of settlement, upon the principle of res judicata. Upon this proposition counsel have cited and discussed in their briefs the decision in the case of the *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363 (129 S. E. 880), affirmed 162 *Ga.* 130 (133 S. E. 851). We have refrained from any discussion on the subject for the reason that the question does not seem to have been fairly and properly raised and presented by the record.

Upon the motion presented to this court by counsel for the defendant in error for an assessment of damages under the provisions of the Civil Code (1910), § 6213, we are not persuaded, from anything appearing in the record, that such motion should be sustained.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*