[S. F. No. 8534.    In Bank.—February 8, 1918.]

## THE FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents; LAWRENCE KNUDSEN, Applicant.

Workmen's Compensation Act — Commencement of Proceeding — Claim Barred by Limiting Section of Act.—The filing with the permanent disability rating department of the Industrial Accident Commission of an application for the rating of the permanent disability of an injured employee does not constitute the commencement of proceedings for the collection of compensation within the meaning of section 16 of the Workmen's Compensation Act, although such application is filed within six months after the date of the injury, and a formal proceeding for compensation filed thereafter, more than six months after the date of the injury, is barred by the limiting section of the statute.

APPLICATION for Writ of Review directed to the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Brittain & Kuhl, for Petitioner.

Christopher M. Bradley, for Respondents.

MELVIN, J.—A writ of *certiorari* issued from this court to review the action of the Industrial Accident Commission, by judgment of two of the members thereof, awarding compensation to one Lawrence Knudsen against the petitioner here, the insurance carrier for the employers of said Knudsen.

There is no dispute concerning the essential facts, the one question being whether or not the claim of Knudsen was barred by the limiting section of the industrial compensation law. The majority of the commissioners found that the applicant was injured on June 29, 1916; that formal application for compensation was filed with the commission April 21, 1917, more than six months from the date of the injury, and more than six months from the payment of any disability indemnity, or agreement therefor, by the employer or the

surety; but that in October, 1916, and before the expiration of six months from the date of the accident, applicant prepared and filed with the commission a document described in the findings as "his application setting forth all the necessary facts as to his said injury and requesting the decision and award of the commission for a permanent partial disability caused by the said injury"; that said application was "a proceeding for the collection of compensation"; and that, therefore, the claim was not barred by the provisions of section 16 of the Workmen's Compensation, Insurance and Safety Act. [Stats. 1913, p. 279.]

In the prevailing opinion of the learned commissioners the document first filed by the applicant is thus described: "This form has never been considered heretofore as a formal application for adjustment of claim, being intended only as a request for advice to be used in negotiations between the parties leading to informal settlements. This Commission maintains a Permanent Disability Rating Department, the function of which is to rate permanent disabilities, assist by conciliation in permanent injury cases in a purely informal and advisory capacity, and to gather and compile statistics leading to a more accurate rating of permanent injuries. It was a form used by this department for the gathering of statistical information and the furnishing of an estimate for the use of parties in informal settlement that was used by the applicant in this case." But, notwithstanding the use to which the request for a rating was usually applied, the majority of the commissioners were of the opinion that it contained all the requisites for a valid application, and that the filing of the paper gave them jurisdiction of the claim, although absolutely no action was taken in regard to it until many months later. The form is addressed to the Industrial Accident Commission, is headed "Industrial Accident Commission of the State of California, Permanent Disability Rating Department. . . . Employee's Request for Permanent Disability Rating." The user is warned, parenthetically, not to attempt to execute the blank without first carefully reading the instructions. The important sentence of said instructions is as follows: "This blank, when properly executed and filed with the Industrial Accident Commission of the State of California, presents your request for a permanent disability rating." The decision was based upon the proposi-

tion that the document presented a controversy in that the commission was requested to fix the percentage of permanent partial disability sustained; that it further appeals to the commission for action of one of its departments; that it contains the names of those from whom compensation, if any, would be due the applicant, and that following the expressed policy of the law to encourage informality in proceedings for workmen's compensation it should properly be considered as an application for compensation.

While this court fully agrees with the conclusion that a wise policy of the law encourages simplicity in proceedings before the Industrial Accident Commission, we are unable to agree with the learned commissioners who pronounced this a sufficient written application for compensation bringing the person who filed it within the terms of section 16 (subd. a), of the Workmen's Compensation, Insurance and Safety Act, which declared that "Unless compensation is paid or an agreement for its payment made within the time limited in this section for the institution of proceedings for its collection (six months), the right to institute such proceedings shall be wholly barred."

At least one of the reasons for limiting the time for making formal application for adjudication of the extent of the injuries and the proper relief is set forth in the opinion in *Ehrhart* v. *Industrial Accident Commission,* 172 Cal. 621, [Ann. Cas. 1917E, 465, 158 Pac. 193, 194], wherein the following language was used (at pages 625, 626) : "One of the purposes of the time limit imposed by the various subdivisions of section 16 was to cause an early submission to the commissioners of the injuries to the employee, so that the commissioners by their own observation and with the aid of expert testimony might determine not only the condition of the applicant at that time, but the probable future results of the accident. This policy is manifest from the fact that where no disability has occurred at the time of the hearing, but is likely to do so in the future, the commission may retain jurisdiction. (Section 25 [c].) In other words, prompt inquiry regarding the *injuries* in all their details by the commission was evidently intended by the lawmakers." And further in that opinion this was said: "Another object of a prompt investigation of the results of an accident is to put the commission and the indemnitor in a position to discover

any attempt either unduly to extend the period of payment or to fix upon the employer the burden of paying for the results of a later casualty.''

In the matter now before us the commission was asked to do nothing judicially by the request for a rating.

That request sought no action on the part of the commissioners whereby they might bring the adverse parties into court, or might acquaint themselves with the facts either from personal examination or by reports of their own trained experts. It did not ask that the employer or the surety be required to present any defense either might have, and, as a matter of fact, neither was called upon to appear and defend until many months later.

In an able dissenting opinion, Mr. Commissioner Pillsbury quoted from section 22 of the act, as follows:

''Upon filing with the commission by any party in interest of an application in writing stating the general nature of any dispute or controversy concerning compensation, or concerning any right of liability arising out of, or incident thereto, jurisdiction over which is vested by this act in the commission, *including any controversy relating to or arising out of the provisions of subsection (a) of section fifteen of this act,* a time and place shall be fixed for the hearing thereof, which shall be not less than ten days nor more than forty days after the filing of such application.''

Further he wrote as follows:

''In my judgment, the filing with the Permanent Disability Rating Department of the application for the rating of the permanent disability of Knudsen did not meet the requirements of either of these provisions of the Act. It did not constitute a beginning of proceedings for the collection of compensation and it did not 'state the nature of any dispute or controversy' concerning compensation, as provided in Section 22. For these reasons it did not amount to an 'application' within the meaning of the Act and did not bar the operation of the statute of limitations.

''I am little disposed to regard any such proceeding with technical or exacting eyes but I cannot bring myself to believe that every letter of inquiry sent to this Commission, or every report of an injury referable to the Statistical Department, or every request for rating of permanent disability must be treated as an application for adjustment of contro-

versy merely because an injured person has stupidly so regarded it and thereby slept upon his rights until he has lost them.

"In this case Knudsen had every opportunity, if he did not get the information he sought, to write to the Commission for instructions or in some other way make it manifest that there was a controversy to be adjusted, whereupon the Commission would have sent him the necessary blanks and have given him the necessary information to safeguard his interests.

"Nor do I think that the employer or insurance carrier are without rights in the premises. They have a right to know if any application for adjustment of controversy has been made and they also have a right to demand that any pretended application, so in essence whether in form or not, be a real application for such adjustment. Such was not the fact in this case. No issue was placed in controversy. Neither the employer nor insurance carrier were advised that there was any controversy."

With this statement of the law on the subject we fully agree.

There is nothing in the opinion in *Massachusetts Bonding & Insurance Co.* v. *Industrial Accident Com.*, 176 Cal. 488, [168 Pac. 1051], cited by counsel for respondent, which is at all at variance with the views expressed above. It was held in that case that any notice or method of procedure which does not transgress the constitutional mandate regarding due process of law is proper, but it was so held upon objection to a notice which did not specify a time for a hearing, but required a showing of good cause within ten days, why a proposed amendment to a judgment should not be made. The statute of limitations was not invoked in that case and, therefore, was not discussed in the opinion.

The award under review is annulled.

Sloss, J., Wilbur, J., Victor E. Shaw, J., *pro tem.*, Shaw, J., and Angellotti, C. J., concurred.