MATHILDA HIGGINS, Widow and Dependent of PATRICK J. HIGGINS, v. HEINE BOILER COMPANY and UNITED STATES CASUALTY COMPANY, Appellants.—41 S. W. (2d) 565.

Division One, July 28, 1931.

*Watts & Gentry* and *Arnot L. Sheppard* for appellants.

*Foristel, Mudd, Blair & Habenicht* for respondent.

SEDDON, C.—This is a proceeding under the Workmen's Compensation Act of Missouri (Laws 1927, pp. 490-522), wherein Mathilda Higgins (respondent here), the widow and dependent of Patrick J. Higgins, seeks an award of a death benefit, by way of compensation, for the accidental death of her husband, which occurred on April 11, 1927. The Heine Boiler Company, and its insurer, United States Casualty Company, under the Workmen's Compensation Act, appeal to this court from a judgment of the Circuit Court of the City of St. Louis affirming (on appeal to the said circuit court) a final award and order of the Workmen's Compensation Commission, allowing the sum of $150 for the burial expenses of Patrick J. Higgins, and allowing to his dependent and widow, Mathilda Higgins, a death benefit, by way of compensation, in the aggregate sum of $7,744, payable at the rate of $20 per week for 387.2 weeks.

The abstracts of record (original and supplemental), as filed in this court, show the following facts and circumstances:

On April 23, 1927, counsel for Mathilda Higgins sent the following letter, addressed to Mr. Albert I. Graff, attorney for the Missouri Workmen's Compensation Commission:

"April 23, 1927.

"MR. ALBERT I. GRAFF,
Attorney, Missouri Compensation Commission,
1018 Pierce Building,
Saint Louis.

"In re: Accident No. A-18608.
Date of Accident: April 11, 1927.
Employed by Keystone Boiler Co., 1947 North Broadway.
Injured: Patrick J. Higgins (fatal injury).

"Dear Sir:
"We wish you would please be good enough to refer to your file under the above caption and advise us the name of the insurance company covering the Keystone Boiler Company, so that we can take steps to present, on behalf of our client, the widow of the deceased, her claim for compensation.
"Your prompt attention to this matter will be greatly appreciated.
"Yours very truly,
"FORISTEL, MUDD, HEZEL and HABENICHT,
"By OSCAR HABENICHT."

On April 26, 1927, the Missouri Workmen's Compensation Commission replied to said letter, as follows:

"April 26, 1927.

"Subject:
Accident No. A-18608.
Employee: Patrick J. Higgins (deceased).
Employer: Keystone Boiler Co.

"FORISTEL, MUDD, HEZEL and HABENICHT, Attys.,
7th Floor, Title Guaranty Bldg.,
706 Chestnut Street,
St. Louis, Mo.

"Gentlemen:
"Your letter of the 23rd inst., addressed to Mr. Albert I. Graff, our St. Louis attorney, has been referred to this office for reply.
"In view of the fact that we have not yet received employer's report of this accident, we are unable to advise you the name of the insurance company covering the case.
"We have requested that the employer report this accident in the proper manner. Upon receipt of this report we will give you the information desired.

"Yours very truly,
"MISSOURI WORKMEN'S COMPENSATION COMMISSION."

On May 10, 1927, counsel for Mathilda Higgins sent the following letter to the Workmen's Compensation Commission:

"St. Louis, Mo., May 10, 1927.

"MISSOURI WORKMEN'S COMPENSATION COMMISSION,
Jefferson City, Missouri.

"Subject:
Accident No. A-18608.
Employee: Patrick J. Higgins (deceased),
2418 N. Sarah Street, St. Louis, Mo.
Employer: Keystone Boiler Company,
1947 North Broadway,
St. Louis, Missouri.

"Gentlemen:
"We are in receipt of a copy of your letter of May 6th, 1927, addressed to the Keystone Boiler Company, 1947 North Broadway, Saint Louis, with reference to the fatal accident to one of its employees, Patrick J. Higgins.
"We would be pleased to have you keep us advised in the premises, as it is the intention of our client, Mrs. Mathilda Higgins, to present her claim for compensation on account of the death of her husband, if this accident is one that is properly covered under the Workmen's Compensation Act of Missouri.
"We wish, therefore, that you would please be good enough to send us a formal application blank that we can fill out and file with your Commission on behalf of our client, the widow of the deceased.

"Yours very truly,
"FORISTEL, MUDD, HEZEL and HABENICHT,
"By OSCAR HABENICHT."

On May 11, 1927, the Workmen's Compensation Commission replied to said letter, as follows:

"May 11, 1927.

"Subject:
Accident No. A-18608.
Employee: Patrick J. Higgins, deceased,
2418 N. Sarah St., St. Louis, Mo.
Employer: Keystone Boiler Co.,
1947 N. Broadway, St. Louis, Mo.

"FORISTEL, MUDD, HEZEL and HABENICHT,
7th Floor, Title Guaranty Bldg.,
St. Louis, Mo.

"Gentlemen:
"We are in receipt of yours of May 10 regarding the above captioned case. Please be advised that as the employer did not have more than ten employees, this accident does not come within the jurisdiction of the Workmen's Compensation Act. Hence, we do not deem it necessary to send you our forms for compensation claim.
"Yours very truly,
"MISSOURI WORKMEN'S COMPENSATION COMMISSION."

The abstracts of the record do not show any further or other written correspondence between the Workmen's Compensation Commission and the said Mathilda Higgins, or her counsel, or that any claim for compensation was filed by, or on behalf of, said Mathilda Higgins, with the Workmen's Compensation Commission, until November 11, 1927, approximately seven months after the injury and death of Patrick J. Higgins, when an "Amended Claim for Compensation" (so captioned and denominated) was filed with the Compensation Commission by the claimant, Mathilda Higgins. The so-called "Amended Claim for Compensation" purports to have been made upon printed Form 21, issued and furnished by the Compensation Commission, and gives the names and addresses of the employers of the deceased employee, Patrick J. Higgins, as follows: "Keystone Boiler and Sheet Iron Works, Thos. J. Dooley, president, 426 East Davis Street, formerly 1944 N. Broadway, St. Louis, Mo.; Heine Boiler Company, 5319 Shreve Avenue, St. Louis, Mo." The compensation claim named the following as insurers: "Keystone Boiler and Sheet Iron Works—None; Heine Boiler Company—United States Casualty Company." The said compensation claim was dated November 10, 1927, and recited the date of the accident and the date of death of the employee, Patrick J. Higgins, as being April 11, 1927, and the average weekly wage of the injured employee as being $60. The said claim for compensation is endorsed by the Workmen's Compensation Commission as "received on November 11, 1927."

On December 6, 1927, Thomas J. Dooley, doing business under the name and style of Keystone Boiler and Sheet Iron Works, filed with the Compensation Commission an answer to the claim for compensation, in which answer the weekly wage of the deceased employee

was stated as $40, and it was further stated therein that "Heine Boiler Company was not deceased's employer" and "Mathilda Higgins was not dependent" upon the deceased employee, and also that, "as employer has less than 10 employees and had not accepted the act at the time of the accident, the Compensation Commission has no jurisdiction over this case; Section 39 of the Compensation Act provides that claim shall be filed within six months after death; as this claim was filed more than six months after death of employee, it cannot be maintained." No answer was filed with the Workmen's Compensation Commission by the Heine Boiler Company, or by its insurer, United States Casualty Company.

On January 30, 1928, a hearing was had upon said compensation claim before Hon. Evert Richardson, one of the members of the Workmen's Compensation Commission, at which hearing evidence, both oral and documentary, was proffered in support of, and in opposition to, the claim for compensation. Such evidence indisputably shows that Patrick J. Higgins was employed as foreman by Thomas J. Dooley, doing business under the name and style of Keystone Boiler & Sheet Iron Works, and that said Patrick J. Higgins, on April 11, 1927, while engaged in the performance of certain work, consisting of the installation of certain boilers at a place called Bissell's Point Water Works, was standing upon a scaffold about twenty-five feet above the surface of the ground, when the board upon which he was standing broke, precipitating him to the ground and causing physical injuries which resulted in his death a few hours after the accident. The evidence before the said Evert Richardson, member of the Compensation Commission also disclosed that the Heine Boiler Company, whose manufacturing plant and place of business was located at 5319 Shreve Avenue in the city of St. Louis, had entered into a written contract with the city of St. Louis, a municipal corporation, for the installation of the boilers at the municipality's water plant situate at Bissell's Point, in or near the city of St. Louis. The said contract provided in terms that said Heine Boiler Company, as contractor with the city of St. Louis, "shall give his [its] personal attention to the fulfillment of this contract and shall not sublet the work to be done under this contract, but keep the same under his [its] control, and he [it] shall not assign by power of attorney or otherwise any portion of the work." Thereafter, the Heine Boiler Company made an oral contract with said Thomas J. Dooley, doing business as the Keystone Boiler & Sheet Iron Works, whereby Dooley agreed to furnish the labor and to install the said boilers upon a "cost plus basis;" that is to say, Dooley was to be paid by the Heine Boiler Company the actual cost of installing the boilers, including the cost of the labor, plus fifteen per cent of such actual cost. The actual cost of the work done by Dooley, including the cost of all labor used

on the work, amounted to $1756.50, to which sum was added a commission of 15 per cent, amounting to $263.48, thus making the aggregate sum of $2019.98 paid to Dooley by the Heine Boiler Company.

The subcontractor, Dooley, testified at the hearing before the Compensation Commission that he employed the workmen, including the deceased, Patrick J. Higgins; that he had exclusive and sole control over his employees; and that he paid them their weekly wages, but that he "got the money from the Heine Boiler Company and paid them (employees) every Saturday; if I needed $300, I would tell them (Heine Boiler Company) and they would send me a check." There was some evidence to the effect that the contract between the city of St. Louis and the Heine Boiler Company required union labor exclusively to be employed upon the work provided to be done under said contract, and that the Heine Boiler Company conducted an "open shop" and was not an employer of union labor, but that Dooley employed union workmen exclusively, and that Heine Boiler Company entered into the subcontract with Dooley in order to comply with the terms of its contract with the city of St. Louis, which required union labor exclusively to be employed in the performance of that contract.

Mr. Dooley testified before the Compensation Commission that he employed from four to six workmen, and less than ten employees, in the performance of his subcontract with the Heine Boiler Company, and that he had not accepted the provisions of the Workmen's Compensation Act, and he had never been notified that any of his employees had requested or complained that Dooley should be required to accept or reject the provisions of said act, up to the time of the accidental injury to Patrick J. Higgins. Mr. Dooley testified that the wage paid to Patrick J. Higgins, as foreman on the work, was one dollar an hour, and that Higgins ordinarily worked eight hours a day, and that the said employee ordinarily worked five and one-half days in each week, upon which basis of employment Higgins' weekly wage would have been $44; however, the time record of Higgins's actual employment by Dooley for the calendar year ending April 15, 1927, was included in the record before the Compensation Commission, by stipulation of the parties, and such time record shows that Higgins was actually paid an aggregate wage of $1157.25, or an average weekly wage of $22.25, during the employment period of 52 calendar weeks immediately preceding his accidental injury.

The evidence before the Compensation Commission shows that Dooley made a report of the accident to the Compensation Commission on April 25, 1927, and the records of the Compensation Commission show that no report of the accident was made at any time by the Heine Boiler Company.

On February 10, 1928, a finding of facts and an award were made and filed by Commissioner Evert Richardson, before whom the original hearing was had, wherein it was found by the said Commissioner that "the employee (Higgins), a boiler maker, while in the employment of Keystone Boiler & Sheet Iron Works, subcontractor of the Heine Boiler Company, principal contractor, installing boilers at St. Louis City Water Works, was working on a scaffold about twenty-five feet in the air, when the board upon which he was standing broke, causing him to be thrown to the ground and severely injured, which injuries caused his death." It was also found by the commissioner that the employee's average weekly wage was $38.72, and that Mathilda Higgins, wife of the deceased employee was his sole dependent, and that the extent of the dependency was total. The award of the commissioner was: For burial expenses, the sum of $150; for death benefits, to the said Mathilda Higgins, the sum of $20 per week for 387.2 weeks (aggregate, $7,744), or until her prior death or remarriage; and that such award be payable by Heine Boiler Company, as employer and principal contractor; Keystone Boiler & Sheet Iron Works, as employer and subcontractor; and United States Casualty Company, as insurer of Heine Boiler Company.

In due time, and on February 17, 1928, the Heine Boiler Company and its insurer, United States Casualty Company, filed with the Compensation Commission their written application for a review by the full commission of the award, order, findings and decision made and filed by Commissioner Evert Richardson on February 10, 1928, and thereafter the claimant, the Heine Boiler Company and the latter's insurer, United States Casualty Company, filed their separate and written requests for submission on review, wherein the full Workmen's Compensation Commission were requested "to take the pending application for review as submitted, and to determine the same on the record as it stands, without further evidence or arguments."

On October 25, 1928, the full Workmen's Compensation Commission made and filed its final award, which approved and affirmed in all respects the original award and the findings as made and filed by Commissioner Evert Richardson on February 10, 1928.

In due time, and on November 1, 1928, the Heine Boiler Company and its insurer, United States Casualty Company, filed with the Workmen's Compensation Commission their notice of appeal to the Circuit Court of the City of St. Louis from the final award, order or decision made and filed by the Compensation Commission under date of October 25, 1928. Thereupon, the Workmen's Compensation Commission, under its proper certificate and seal, duly certified and returned to the Circuit Court of the City of St. Louis all of the documents and papers on file in the matter, together with a transcript of the evidence had and taken before the Compensation Commission,

**502**

the findings of fact and the awards, orders and decisions, original and final, and the same were duly filed in said circuit court, as the record in said proceeding, on December 24, 1928.

On April 1, 1929, the proceeding came on for hearing, on appeal, before the Circuit Court of the City of St. Louis, which court made and entered on said date a judgment affirming and approving the final award and the findings of the Missouri Workmen's Compensation Commission. After an unavailing motion for a rehearing and new trial, filed in the circuit court on April 5, 1929, the Heine Boiler Company and its insurer, United States Casualty Company, were allowed an appeal to this court from the judgment so entered in the circuit court. The judgment of the circuit court was rendered at the April, 1929, term of said court, and the appeal from said judgment was allowed on April 26, 1929, during the same term at which the judgment was rendered.

It was not contended in the circuit court, nor is it contended in this court on the instant appeal, that the award of the Compensation Commission "was procured by fraud." Hence, that question or issue is not involved in the instant appeal.

The appellants assign error on the part of the circuit court in entering judgment approving and affirming the final award or order of the Workmen's Compensation Commission in three particulars, as follows:

(a) Because there is no evidence in the record to sustain the finding of the Commission as to decedent's average weekly wage.

(b) Because the appellant, Heine Boiler Company, was not the employer of respondent's decedent at the time of his death and, therefore, the appellants herein incurred no liability because of such death.

(c) Because respondent's claim against appellants for compensation was barred for the reason that it was not filed with the Compensation Commission within the period fixed by the statute (Sec. 39, Mo. Workmen's Compensation Act) therefor.

I. At the beginning of our consideration of this appeal, we are confronted with the insistence and claim of the respondent that the documents, papers, and the evidence had and taken before, and filed with, the Workmen's Compensation Commission are not reviewable or considerable by this court in the instant appeal, for the reason that the same are not incorporated and embraced in a bill of exceptions filed by appellants in the circuit court. The bill of exceptions, filed by appellants in the circuit court, contained only the motion of Heine Boiler Company, and its insurer, United States Casualty Company, for a rehearing and new trial; the order of the circuit court overruling appellants' motion for rehearing and new trial; and the exception taken by each of

appellants at the time of the order of the circuit court overruling said motion for rehearing and new trial. In other words, the appellants took an exception to the ruling, action and order of the circuit court overruling their motion for a rehearing and new trial, and undertook to preserve and save the exception so taken by means of the usual bill of exceptions, which bill was duly signed, allowed and filed in said circuit court. The evidence, oral and documentary, had and taken before the Workmen's Compensation Commission, together with all documents and papers on file with the Compensation Commission in the matter, and certified and returned to the circuit court by the Compensation Commission, all of which are embodied in the properly certified transcript of the entire record before the Compensation Commission, are fully set out and contained in appellants' abstract of the record filed in this court on the instant appeal. It is the contention of the respondent, however, that the documents, papers, and the evidence had and taken before the Compensation Commission are no part of the record, or of the so-called "record proper," in the circuit court, from whose judgment the instant appeal is taken, and the same not having been embraced and incorporated in the bill of exceptions filed by appellants in the circuit court, such documents, papers and evidence cannot be reviewed or considered by this court on the instant appeal.

The same question as is raised by the respondent herein was before this court, en banc, in the recent case of State ex rel. May Department Stores Company et al. v. Haid et al., 327 Mo. 567, 38 S. W. (2d) 44, decided at the October term, 1929, of this court, wherein we ruled and decided that the matters, proceedings and evidence had and taken before the Workmen's Compensation Commission in a proceeding under the Workmen's Compensation Act, and duly certified and returned by the Compensation Commission to the circuit court upon an appeal duly taken to the circuit court from a final award of the Compensation Commission, as required and prescribed by Section 44 of the Workmen's Compensation Act, constitute the record of the circuit court in such compensation proceeding, by reason of the express language and requirement of Section 44 of the Workmen's Compensation Act, and that such record of the circuit court is reviewable on an appeal duly allowed and taken to a Court of Appeals, or to this court, from the judgment of the circuit court rendered in such compensation proceeding, without the necessity, and in the absence, of a bill of exceptions and a motion for new trial in the circuit court. The question, therefore, must be ruled against the respondent herein. Since the record before us discloses that the instant appeal was allowed and taken during the term of the circuit court at which the judgment appealed from was rendered, the appeal is timely, and we take jurisdiction thereof because the amount in dis-

504

·pute, exclusive of costs, exceeds the sum of $7500. [R. S. 1929, Sec. 1914.]

II. The third assignment of error presented by the appellants herein is that the circuit court erred in entering judgment affirming the final award of the Workmen's Compensation Commission, "because respondent's claim against appellants for compensation was barred for the reason that it was not filed with the Compensation Commission within the period fixed by the statute" (i. e., by the Workmen's Compensation Act). This assignment of error is equivalent to urging that the Workmen's Compensation Commission was without jurisdiction or power to entertain, or to act upon, the claim for compensation filed by the claimant, Mathilda Higgins, because not filed within the time prescribed by the Workmen's Compensation Act, and therefore that the Compensation Commission had no lawful right, power or authority to make any award of compensation to the claimant. The jurisdiction and power of the Compensation Commission to act in respect to the respondent's claim for compensation was first raised in the answer of Thomas J. Dooley, who was the immediate employer of the claimant's decedent, Patrick J. Higgins, duly filed before the Compensation Commission, wherein it was stated that "Section 39 of the Compensation Act provides that claim shall be filed within six months after death; as this claim was filed more than six months after death of employee, it cannot be maintained." The jurisdiction and power of the Compensation Commission to act upon the claim of Mathilda Higgins was again raised and presented by the application for review, duly filed before the Compensation Commission by the Heine Boiler Company, and its insurer, United States Casualty Company (the appellants herein), wherein it was stated that "the amended claim for compensation which brought in Heine Boiler Company was filed more than six months after the death of Patrick J. Higgins, and therefore the Commission had no jurisdiction over Heine Boiler Company." Upon appeal to the circuit court from the final award of the Compensation Commission, the question of the jurisdiction of the Compensation Commission to act upon the compensation claim of Mathilda Higgins was presented to the circuit court for decision and review, as a matter of law, by the transcript of the entire proceedings, certified and returned to the circuit court by the Compensation Commission, which bears the certificate of the Compensation Commission reciting that "it is hereby certified that hereto attached are all the documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, and the same are herewith returned to the [circuit] court as provided by law." The circuit court, acting solely as an intermediate appellate court, was vested (by virtue of Section 44 of the Workmen's Compensation Act) with the power to review

the question of law thus presented by the certified transcript returned to the circuit court by the Compensation Commission, and the circuit court had the authority (under Section 44 of the Compensation Act), as an intermediate appellate tribunal, to reverse or set aside the final award of the Compensation Commission upon the ground "that the commission acted without or in excess of its powers." The question of the jurisdiction of the Compensation Commission to act upon the respondent's claim for compensation was again presented and renewed in the circuit court by appellants' motion for rehearing and new trial, timely filed in the circuit court after entry of judgment therein. Hence, the question of the jurisdiction or power of the Compensation Commission to act upon respondent's claim for compensation, if such claim was untimely filed before the Compensation Commission, and the error of the circuit court in entering judgment affirming the final award of the Compensation Commission allowing claimant compensation, is properly reviewable in this court upon the record of the cause presented to us by appellants' abstract of the record herein, and complained against in appellant's third assignment of error above stated.

The appellants predicate their assignment of error upon Section 39 of the Workmen's Compensation Act (Laws 1927, p. 511), which reads: "*No proceedings* for compensation under this act *shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death*, or in case payments have been made on account of the injury or death, within six months from the date of the last payment. *In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property,* but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity." (Italics ours.)

The record herein discloses that the claimant (respondent), Mathilda Higgins, did not file her claim for compensation with the Compensation Commission within six months after the injury or death of her husband, Patrick J. Higgins; nor does the record herein show that any payments had been made, at any time, on account of the injury or death of the decedent, Patrick J. Higgins. The injury and death of decedent occurred on April 11, 1927, and the claimant filed her claim for compensation with the Compensation Commission, as shown by the record herein, on November 11, 1927, exactly seven months after the injury and death of decedent. It is insisted by the appellants that Section 39 of the Workmen's Compensation Act is mandatory, and permits of no excuse for the failure to file with the Compensation Commission a claim for compensation within the period of six months prescribed by said section of the act; that such period of limitation unequivocally prescribed by the Compensation Act is jurisdictional, and pertains to, and is an inseparable part of, the

right or remedy created by the act, and if claimant's compensation claim was not filed within the period of six months prescribed by the act, then the Workmen's Compensation Commission was without jurisdiction, authority or power to entertain, or to proceed with, the instant compensation proceeding, and any ruling, order, or award of the Compensation Commission therein made is a nullity. In other words, it is the claim of appellants herein that Section 39 of the Workmen's Compensation Act is in no sense a mere statute of limitation or repose, which may or may not be availed of, at the will or discretion of the party entitled to claim its protection and benefit, but that said section of the act is an integral part of a statute of creation, and therefore is an inherent part of the very right or remedy, itself, created by the act, by virtue of which such created right or remedy is absolutely and forever extinguished, unless the claim for compensation be filed with the Compensation Commission within the period of time prescribed by the act.

We are of the opinion that the Workmen's Compensation Act makes the time (prescribed for filing a compensation claim) the very essence of the right or remedy thereby created, and that the time so prescribed by the act is an inherent and inseparable part of the statute out of which the particular right or remedy arises, and by virtue of which statute such particular right or remedy therein created only can exist. As is pointedly said in 37 Corpus Juris, 686: "A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance, time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. . . . Where time is of the essence of the right created, and the limitation is an inherent part of the statute or agreement under which the right in question arises, so that there is no right of action independent of the limitation, such special limitation extinguishes the right rather than affects the remedy." And the rule or principle of law is reiterated, in slightly different language, in 37 Corpus Juris, 732: "Where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right, and will control, no matter in what forum the action is brought."

It has been uniformly and consistently ruled by the courts of last resort of our sister states, in construing and applying the provisions of workmen's compensation acts which are similar to our own Compensation Act, that the filing of a claim for compensation within the

period of time prescribed by such a compensation act for the maintenance of a right of action thereunder is jurisdictional; is the essence of the right of action, and a condition upon the liability, created by the Compensation Act; and is a condition precedent to the right to maintain and prosecute a compensation proceeding. [American Car & Foundry Co. v. Industrial Comm., 335 Ill. 322, 327; Bushnell v. Industrial Board, 276 Ill. 262, 266; Dochoff v. Construction Co., 212 Mich. 166, 172; United States Casualty Co. v. Smith, 162 Ga. 130, 133; Lough v. Industrial Accident Comm., 104 Ore. 313, 317; Rezaldo v. Industrial Comm., 61 Utah, 412, 417; Simmons v. Holcomb, 98 Conn. 770, 774; Smith v. Process Co., 100 Kan. 40, 42; Giannotti v. Giusti Bros., 41 R. I. 122, 126; Duhrkopf v. Bennett, 108 Neb. 142, 144; Twonko v. Brass & Copper Co., 224 N. Y. 263, 269; Fidelity & Casualty Co. v. Industrial Accident Comm., 177 Cal. 472, 474; Levangie's Case, 228 Mass 213, 217; Partee v. Railroad Co., 204 Fed. 970, 972; Garbouska's Case (Me.), 130 Atl. 180; Vang Construction Co. v. Marcoccia (Md.), 140 Atl. 712.]

Respondent attempts to meet the contention of appellants by arguing that the claim for compensation filed by respondent, Mathilda Higgins, before the Compensation Commission on November 11, 1927, bears upon its face the caption "Amended Claim for Compensation," and that it necessarily must be assumed from such caption that there must have been filed with the Compensation Commission a *prior* or original claim for compensation, which was thereafter *amended* by the written claim filed on November 11, 1927; hence, it is urged by respondent that it is incumbent upon appellants to conclusively show by their abstract of record that no other, or original, claim for compensation was filed by respondent before the Compensation Commission prior to the filing of the so-called "Amended Claim for Compensation" on November 11, 1927. The answer to respondent's argument is found in Section 44 of the Workmen's Compensation Act, which makes it the positive duty of the Compensation Commission, whenever an appeal is taken to the circuit court from a final award or order of the Compensation Commission, to certify and return to the circuit court *"all documents and papers on file in the matter."* Pursuant to the mandate of said section of the Workmen's Compensation Act, the Compensation Commission returned to the circuit court, in the instant proceeding, a transcript of the proceedings before the Compensation Commission, under the seal and certificate of the Compensation Commission reciting that "hereto attached are *all the documents and papers* on file in the matter." It must be presumed that the Compensation Commission performed its full and entire duty as required by the mandate of Section 44 of the Compensation Act, and the certificate of the Compensation Commission imports verity. Such a transcript of the record imports absolute

verity, is presumed to be correct, and cannot be collaterally attacked; and it must also be presumed that the officers properly discharged their duty in regard to the making and certification of the record. [34 Cyc. 614.] Nor do we think that the letters written and sent to the Compensation Commission by counsel for the claimant and respondent, dated respectively April 23, 1927, and May 10, 1927, and received by the Compensation Commission within six months after the injury and death of Patrick J. Higgins, constitute an original filing of a claim for compensation within the meaning and intent of the Workmen's Compensation Act. The letter of April 23, 1927, requested certain information of the Compensation Commission, "so that we can take steps to present, on behalf of our client, the widow of the deceased, her claim for compensation." The letter of May 10, 1927, stated that "it is the *intention* of our client, Mrs. Mathilda Higgins, to present her claim for compensation on account of the death of her husband, if this accident is one that is properly covered under the Workmen's Compensation Act of Missouri." Such letters, at the most, merely indicate an intention or purpose upon the part of respondent to file a claim for compensation at some time in the future, and the letters called for no present and immediate action upon the part of the Compensation Commission with respect to any claim for compensation *then* made. Speaking to the question whether a letter, similar in form and language to those involved in the instant proceeding, constitutes an application or claim for compensation within the meaning of the Workmen's Compensation Act, the Court of Appeals of Maryland said, in Vang Construction Co. v. Marcoccia, 140 Atl. 712, 713: "It is quite clear from this correspondence that neither the attorney intended his letter to be an application for compensation in behalf of the mother [of the deceased employee], nor did the commission accept or treat it as having been so made. Nor did the letter have a single requisite which would have characterized it, notwithstanding the object of the writer to the contrary, as being, in substance, an application. Even the name of the mother was not given, and there was no *present demand* for compensation in the name of any one, nor proof of death and relationship, and any possibility of considering the letter as a formal application is negatived by the writer's request for information as to what steps were necessary to be taken in making a claim for compensation."

While the courts have been liberal in construing and applying the provisions of the workmen's compensation acts of the several states, as is required by the express terms of most of said acts, it seems to be the universal and uniform holding of the courts that a claim for compensation must be direct and unequivocal, and must call for some *present and immediate* action upon the part of the Compensation Commission with respect to the claimant's demand for compensation.

[Brown v. Weston-Mott Co., 202 Mich. 592, 594; Baase v. Coal Co., 202 Mich. 57, 60; Rubin v. Fisher Body Corp., 205 Mich. 605, 608; Fidelity & Casualty Co. v. Industrial Accident Comm., 177 Cal. 472, 170 Pac. 1112, 1113; Ideal Fuel Co. v. Industrial Comm., 298 Ill. 463, 468; McClenahan v. Railway Co. (Okla.), 267 Pac. 657, 658.]

It is further claimed by respondent, however, that the last clause or sentence of Section 39 of the Workmen's Compensation Act (which section prescribes the time within which a claim for compensation must be filed), providing that "in all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property," by reference to the general statute of limitations thereby makes such general statute a part and parcel of the Workmen's Compensation Act, so that such general limitation statute, by reference and adoption, becomes an integral part of the Workmen's Compensation Act, as though written in full therein. Hence, it is claimed by respondent that Section 1334, Revised Statutes 1919 (which is a part of the general statute of limitations), by reference and adoption, is made an integral part of the Workmen's Compensation Act. Section 1334, Revised Statutes 1919, provides: "If any person, by absconding or concealing himself, *or by any other improper act*, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

Section 34 of the Workmen's Compensation Act (Laws 1927, pp. 509, 510) provides: "Every employer in this State, whether he has accepted or rejected the provisions of this act, shall within ten days after knowledge of an accident resulting in personal injury to an employee, notify the commission thereof, and shall, within one month, file with the commission under such rules and regulations and in such form and detail as the commission may require, a full and complete report of every injury or death to any employee for which the employer would be liable to furnish medical aid or compensation hereunder had he accepted this act, and every such employer shall also furnish the commission with such supplemental reports in regard thereto as the commission shall require. . . . Every person who violates any of the provisions of this section, or who knowingly makes a false report or statement in writing to the commission, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than fifty nor more than five hundred dollars, or by imprisonment in the county jail for not less than one week nor more than one year, or by both such fine and imprisonment."

The record before us discloses that Dooley, who was the immediate employer of respondent's decedent, Patrick J. Higgins, on April 25, 1927, made a written report of the accident and injury to the Compensation Commission, and that no report or notice of the accident and injury was made to the Compensation Commission at any time

by the Heine Boiler Company, the appellant herein. Respondent contends that the failure on the part of the Heine Boiler Company to report the accident and injury to the Compensation Commission constituted an "improper act," within the purview of Section 1334, Revised Statutes 1919, which prevented the commencement of the compensation proceeding within the six month period prescribed by Section 39 of the Workmen's Compensation Act, and therefore the limitation period prescribed by Section 39 of the Compensation Act was stayed or tolled, as a consequence of which the Compensation Commission had jurisdiction and power to entertain and to pass upon the compensation claim, although not filed with the Compensation Commission until November 11, 1927.

In support of the latter contention, respondent relies upon the recent decision of the St. Louis Court of Appeals in Schrabauer v. Schneider Engraving Product, Inc., 25 S. W. (2d) 529, a proceeding under the Missouri Workmen's Compensation Act, wherein the St. Louis Court of Appeals, while holding to the view that Section 39 of the Workmen's Compensaton Act is not a true statute of limitation, but rather is a limitation upon the right of action created by the Compensation Act, whereby the very right, itself, is extinguished if not exercised within the time prescribed by said section of the act, yet further ruled that, by virtue of the concluding sentence or clause of Section 39 (which is construed by the Court of Appeals to make reference to the general statutes of limitation applicable to personal actions), Section 1334, Revised Statutes 1919, was thereby adopted and made an integral part of the Workmen's Compensation Act, and that the failure on the part of an employer to notify the Compensation Commission of an accident and resulting injury to an employee, and to file with the Compensation Commission a full and complete report of such injury, as required by Section 34 of the Compensation Act, constitutes an "improper act," within the purview of Section 1334, Revised Statutes 1919, so as to stay or toll the running of the period of limitation prescribed by Section 39 of the Compensation Act. Without intending or purposing to express any view herein as to whether the conclusions reached by the St. Louis Court of Appeals in the Schrabauer case are right or wrong, it would seem reasonable to assume that, had the Legislature intended that a failure on the part of an employer to notify the Compensation Commission of an accident and injury should stay or toll the running of the period of limitation prescribed by Section 39 of the Compensation Act, the Legislature would have adopted the simple, certain and easy method of directly incorporating such provision in the Compensation Act, without resorting to the circuitous and uncertain method of referring to another and extraneous statute by the use of language and words of expression which, to say the least, are obscure, ambiguous and of doubtful meaning.

However, this court, in Davis v. Carp, 258 Mo. 686, 698, was required to interpret the meaning of the words "by any other improper act," as used in Section 1334, Revised Statutes 1919. We therein ruled: "So, the 'improper act' referred to in the statute must be one in the nature of *a fraud* that would prevent the commencement of the action, in order to bring the act within the statute." In Shelby County v. Bragg, 135 Mo. 291, 297, MACFARLANE, J., speaking for this division of our court, expressed the doubt whether Section 1334, Revised Statutes 1919 (then Sec. 6789, R. S. 1889), "does not refer entirely to acts of a defendant by which service of process or some other step necessary to the commencement of a suit and obtaining jurisdiction of the person or subject-matter, was prevented." After expressing such doubt, Judge MACFARLANE proceeded (l. c. 300): "Statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within some exception. 'A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it.' [Citing cases.] A party cannot avail himself of this exception to the statute (of limitations) *where the means of discovering the truth were within his power and were not used.*" (Italics ours.) The foregoing language of Judge MAC-FARLANE was recently quoted with approval by this court in Hays v. Smith, 213 S. W. 451, 456.

In McClenahan v. Railway Co., 267 Pac. 657, 658, a proceeding under the Workmen's Compensation Act of Oklahoma, wherein the State Industrial Commission dismissed an employee's claim for compensation for the reason that the claim was not filed with the Industrial Commission within the time prescribed by the Compensation Act, and wherein the employee sought to toll the running of the period of limitation upon the ground that the employer had deceived the employee as to his rights, and had thereby prevented the employee from timely filing his claim for compensation, the Supreme Court of Oklahoma has lately said: "The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. *There must be something more;* some *actual artifice* to prevent *knowledge of the facts;* some *affirmative* act of concealment or some *misrepresentation* to exclude suspicion and prevent inquiry." The court concluded that "the mere failure and neglect (of the employee) to assert his rights by filing an application with the State Industrial Commission for compensation can in no way be charged to the neglect, concealment, or fraud of the respondent [employer]." (Italics ours.)

The record herein is wholly devoid of any showing that respondent made any diligent effort to learn, or to discover, any facts or circumstances relating to her deceased husband's employment which

were unknown to her at the time of decedent's injury and death. The accident which resulted in decedent's injury occurred on the premises and property of the municipality of the city of St. Louis at Bissell's Point, used and operated as a municipal water plant, and decedent was employed at the time of his injury on work being done under a public contract with that municipality. Such contract with the city of St. Louis was a matter of public record, and, of course, was subject to the inspection of any citizen of the municipality, and as such a public record was accessible and open to the public inspection. A mere examination of the public records of the municipality would have disclosed to respondent the names of the contracting parties, and the nature and extent of the relations between them. Thus, it is apparent and obvious that the means of discovering the truth were within the power of respondent, but were not used by respondent. The record discloses that decedent's immediate employer, Thomas J. Dooley, on April 25, 1927, within less than a month after the accidental injury and death of respondent's decedent, made a written report of the injury and death of the employee to the Workmen's Compensation Commission, notwithstanding which report no claim for compensation was filed by respondent with the Compensation Commission until November 11, 1927, seven months after the injury and death of the employee. So far as the record herein discloses, the appellant, Heine Boiler Company, resorted to no artifice to prevent full knowledge by respondent of the facts and circumstances surrounding decedent's employment; the means of discovering which were within respondent's power by the simple examination of a public municipal record of the city of St. Louis, and certainly appellant was guilty of no affirmative act of concealment, or of misrepresentation, whereby respondent was prevented from making a full inquiry into the matter of decedent's employment, or which in any wise prevented respondent from filing her claim for compensation with the Compensation Commission within the period of time prescribed by Section 39 of the Workmen's Compensation Act. Had respondent been diligent in her inquiry, she unquestionably could and would have discovered all facts and circumstances pertaining to her decedent's employment, in ample time to have filed her claim for compensation with the Compensation Commission, and to have brought both Dooley, decedent's immediate employer, and the Heine Boiler Company before the Compensation Commission, within the six month period prescribed by Section 39 of the Compensation Act. We perceive nothing in the nature of a fraud in the conduct of the Heine Boiler Company.

Assuming, *arguendo* (but without so deciding), that the concluding sentence or clause of section 39 of the Workmen's Compensation Act manifests the clear, positive, and unambiguous intention of

the Legislature to adopt, by reference, Section 1334, Revised Statutes 1919, as an integral part of the Workmen's Compensation Act, as is contended by respondent herein, and as was apparently held by the St. Louis Court of Appeals in the Schrabauer case, supra, yet we are constrained to hold and rule upon the record before us in the instant case that the appellant, Heine Boiler Company, was guilty of no "improper act," within the purview of Section 1334, Revised Statutes 1919, as said section of our general statute of limitations has been construed and applied by this court in the several cases, supra, herein cited.

It follows, therefore, that the Workmen's Compensation Commission was without jurisdiction or power to entertain, or to pass upon, respondent's claim for compensation, because not filed with the Compensation Commission within the six month period immediately following the injury and death of respondent's decedent as prescribed by Section 39 of the Workmen's Compensation Act, and therefore the circuit court erred, as a matter of law, in not reversing and setting aside the final award or order of the Compensation Commission, upon the ground "that the commission acted without or in excess of its powers," as provided by Section 44 of the Workmen's Compensation Act.

The foregoing conclusion renders it unnecessary to discuss or rule the other assignments of error made and presented by the appellants herein.

It is accordingly ordered that the judgment of the circuit court herein, affirming and approving the final award of the Workmen's Compensation Commission, be reversed, and that the proceeding be remanded to the circuit court with directions to enter a judgment reversing and setting aside the award of the Workmen's Compensation Commission upon the ground that the Compensation Commission acted without or in excess of its powers.

*Ellison* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.