FEATHERLY *v.* CENTRAL PAPER CO.

1. Workmen's Compensation — Proximate Cause — Burden of Proof.

   Burden is on plaintiff in compensation proceedings to show causal relation between claimed injury occasioned by fall during employment and osteosarcoma, or malignant bone tumor, resulting in total disability.

2. Same—Finding of Department—Proximate Cause—Possibility.

   Finding of department of labor and industry that employee's total disability due to osteosarcoma, or malignant bone tumor, was not established as having been caused by fall while working although there is a possibility the accident might have had some connection with the disability *held,* sustained by record.

Appeal from Department of Labor and Industry. Submitted June 9, 1937. (Docket No. 36, Calendar No. 39,451.) Decided October 4, 1937.

Harry E. Featherly presented his claim for compensation against Central Paper Company, employer, and Travelers Insurance Company, insurer, for alleged accidental injuries. Award to defendants. Plaintiff appeals. Affirmed.

*Cyrus M. Poppen,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendants.

WIEST, J. Plaintiff claims that, while in the employ of defendant paper company in September, 1933, he fell and injured himself but continued to work until August, 1935, when he had to seek medical aid and found that he had osteosarcoma, or malignant bone tumor which caused total disability. Claiming causal relation between the fall and the disease, he applied for compensation and had an award by the deputy commissioner and denial of an award by the department upon review.

The department in an opinion stated:

"The department has carefully reviewed the medical testimony offered to show a causal relationship between the accident and the disability and the most that may be said is that there is a possibility that the accident might have had some connection with the disability. All the doctors admit that the cause of osteosarcoma is unknown; that osteosarcoma may occur without trauma; that osteosarcoma is the cause of plaintiff's disability. 'Legal liability may not be predicated on mere guess or probability: *Draper* v. *Regents of University of Michigan,* 195 Mich. 449.' *Rubin* v. *Fisher Body Corp.,* 205 Mich. 605.

"It is the finding of this department that plaintiff has not met the burden of proof to show a causal relationship between the accident and his disability."

The burden was on plaintiff to show causal relation between the disability and the claimed injury occasioned by the mentioned fall.

The department was not required to accept a mere possibility, and what the medical experts could not opine the department could not find.

An examination of the record fully supports the holding of the department that plaintiff did not establish a causal relation between the accident and the disability.

Affirmed, with costs.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.