DUFORD v. ESCANABA VENEER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPART-
MENT'S FINDINGS OF FACT CONCLUSIVE WHERE SUPPORTED BY EVI-
DENCE.

On certiorari to review the finding of the department of labor
and industry that the accident to an employee arose out of
the employment, and that it was not due to wilful miscon-
duct, such finding, being supported by evidence, is conclusive
on the Supreme Court.

2. SAME—CLAIM MAY BE ORALLY MADE.

The claim for compensation under the workmen's compensa-
tion act may be made orally.

3. SAME—LIMITATION OF ACTIONS—CLAIM MADE WITHIN STATUTORY
PERIOD.

That the employer and its insurer contested the claim of an
injured employee before the department of labor and in-
dustry, within the statutory period of six months after the
accident, is sufficient to sustain the finding of the depart-
ment that the employee made claim for compensation within
the statutory period, as required by the workmen's com-
pensation act (Comp. Laws Supp. 1922, § 5445).

Certiorari to Department of Labor and Industry.
Submitted January 9, 1929. (Docket No. 10, Cal-
endar No. 33,768.) Decided March 29, 1929.

Lawrence Duford presented his claim for compen-
sation against the Escanaba Veneer Company for an
accidental injury in defendant's employ. From an
order awarding compensation, defendant and the
General Casualty & Surety Company, insurer, bring
certiorari. Affirmed.

Time within which notice of injury and claim for compensation
must be given under workmen's compensation statutes, see anno-
tation in L. R. A. 1917D, 138; L. R. A. 1918E, 561.

As to conclusiveness of findings of commission as to whether
injury was one "arising out of and in the course of" the employ-
ment within meaning of workmen's compensation acts, see anno-
tation in L. R. A. 1918F, 915.

*Derham & Derham,* for appellants.

*H. J. Rushton,* for appellee.

CLARK, J.  Defendants, employer and its insurer, review on certiorari an award by the department of labor and industry to plaintiff employee.  The questions are, that the accidental personal injury did not arise out of the employment, that it was due to plaintiff's wilful misconduct, and that no claim for compensation was made within six months after the date of injury as required by Comp. Laws Supp. 1922, § 5445.  The basis of the contention that the accident did not arise out of the employment and that it was due to plaintiff's wilful misconduct is defendants' testimony that plaintiff was employed to sort veneer, and that he, against orders and wilfully, attempted to operate a machine known as a clipper and was injured.  Plaintiff had testimony that he was experienced in operating such machine, and he testified:

"My job was sorting veneer, but I was told when the other fellow went out I was to take the clipper job—when someone went out,"—

and that he did what he was told and suffered injury.  The department found the issue of fact in favor of plaintiff, which finding is conclusive on this court, and this disposes of the first two questions presented.

Plaintiff was injured on April 13, 1926.  Notice to employer of claim for injury was filed with the department on May 24, 1926; it does not appear that this formal notice was given to the employer.  Plaintiff's notice and application for adjustment of claim was filed with the department on July 29, 1926, and served on both defendants.  The matter went to hearing—

"at which both the defendant employer and insurer were present and contested the plaintiff's claim for compensation, all of which occurred within the period of six months following the accidental injury to the plaintiff."

The claim for compensation may be made orally. That defendants within the statutory period of six months contested, as stated, plaintiff's claim for compensation at a hearing before a deputy commissioner, at which plaintiff and his witnesses testified, is sufficient to sustain the finding of the department that plaintiff made claim for compensation under the act.

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.