LaROSA *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—CLAIM FOR COMPENSATION.

Notice of accidental injury required to be made by the workmen's compensation act is separate and distinct from claim for compensation (2 Comp. Laws 1929, § 8431).

2. SAME—LIMITATION OF ACTIONS—CLAIM FOR COMPENSATION.

Making of claim for compensation for accidental injury within six months' period prescribed by the workmen's compensation act is a condition precedent to the right to maintain an action thereunder (2 Comp. Laws 1929, § 8431).

3. SAME—CLAIM FOR COMPENSATION.

Although claim for compensation is not required by the workmen's compensation act to be made in writing, yet it must be affirmative and unequivocal, and is sufficient if it fairly gives employer such information as the law intends (2 Comp. Laws 1929, § 8431).

4. SAME—EVIDENCE.

Evidence that defendant offered to have operation for hernia performed and that claimant refused for a reason *held,* insufficient to constitute a claim for compensation within meaning of workmen's compensation act (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted January 10, 1935. (Docket No. 56, Calendar No. 37,954.)   Decided March 5, 1935.

Domenico LaRosa presented his claim against Ford Motor Company for compensation for accidental injury received while in defendant's employ. Award to plaintiff.   Defendant appeals.   Reversed.

*Samuel Charfoos,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan,* for defendant.

EDWARD M. SHARPE, J. Defendant company appeals from an award of the department of labor and industry granting plaintiff compensation for an injury received while in its employ. It is conceded that plaintiff suffered an accidental injury while in the employ of defendant company and that the injury resulted in a hernia as of the date of May 5, 1930. After the injury, plaintiff received first aid treatment and continued to work the rest of the day. He then laid off from work for two or three days, then returned to work, and continued to do the same work until he was laid off in September, 1932.- June 11, 1930, the defendant company filed a noncompensable report with the department of labor and industry. In September, 1933, plaintiff filed an application for compensation. This was denied in November, 1933, by the deputy commissioner, and upon review of claim before the commission an award was made March 30, 1934, granting plaintiff compensation at the rate of $9 per week from and after September 29, 1932. The defendant company appeals from this award.

The record also discloses that prior to the date of this accident plaintiff had been operated upon for hernia at the Ford Hospital and through some arrangements with officials of the defendant company he (plaintiff) was paying for the operation out of weekly deductions from his pay envelope. He is of Italian nationality and unable to speak or write the English language fluently. After the accident, one of the company's officials asked plaintiff if he wanted an operation. This offer was not accepted.

The defendant company contends that they had no notice of a claim for compensation within the statutory period as provided in 2 Comp. Laws 1929, § 8431, and that such action is now barred by the

statute of limitations as provided in this section, while the plaintiff contends that a proper claim for compensation was made and, if not, then the acts of the defendant company constituted a waiver of a claim.

The notice of the injury, required by the statute, is separate and distinct from the claim for compensation required to be made. A notice of the accident does not necessarily involve a claim for compensation.

This court has repeatedly and consistently held that the six-months' period for making claim under the act is jurisdictional, and a condition precedent to the right to maintain an action thereunder. *Cooke* v. *Holland Furnace Co.*, 200 Mich. 192 (L. R. A. 1918 E, 552); *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604; *Dane* v. *Michigan United Traction Co.*, 200 Mich. 612; *Schild* v. *Railroad Co.*, 200 Mich. 614; *Peterson* v. *Fisher Body Co.*, 201 Mich. 529; *Brown* v. *Weston-Mott Co.*, 202 Mich. 592; *Rubin* v. *Fisher Body Corp.*, 205 Mich. 605; *Stein* v. *Packard Motor Car Co.*, 210 Mich. 374; *Dochoff* v. *Globe Construction Co.*, 212 Mich. 166.

The act does not in terms require that the claim for compensation be made in writing and this court has never so held. *Stein* v. *Packard Motor Car Co., supra; Duford* v. *Escanaba Veneer Co.*, 246 Mich. 191.

It is the claim of plaintiff that, though he did not make a claim in writing within six months from the time of the accidental injury, he did make a claim in fact. This claim is based upon the following testimony as reported by the interpreter and relates to conversations had with Mr. Quiett and an employee of the employment department of the defendant company.

"*Q.* What did you ask him for?

"*A.* He used to go over there and ask him, he said, 'I have got double rupture,' he said, 'I would like to get something to do, or either take care of me. I have got a family home. They all want to eat.' And when he used to answer the man used to answer, 'All right, stay home. We will send you a letter to come to work, to come in.' * * *

"*Q.* When is the first time after the accident that you first asked for an operation? * * *

"*A.* He told me, he says, he used to go over there, he didn't ask for no operation because he was afraid, he says, and all he wanted was work. * * *

"*Q.* At any time at Ford's did they offer you an operation for the 1930 accident?

"*A.* No, sir. * * *

"*Q.* Since the accident of 1930 did you talk a second time about the accident with your foreman? * * *

"*A.* No, he hasn't. He didn't talk to the foreman for 17 months now. * * *

"*The Commissioner:* Ask him again whether or not he asked for an operation during that time?

"*A.* He didn't ask, and they didn't ask him, he says. All he used to do was tell the foreman that he couldn't work. * * *

"*Q.* Now at that time was anything said about an operation between the two of you?

"*A.* At the time that he asked—he ask if he wanted an operation. * * *

"*A.* He asked if he wanted an operation, and he said, 'At the present time, no.'

"*Q.* What do you mean, Mr. Quiettt asked you if you wanted an operation or you asked him?

"*A.* He asked this gentleman here, and he said, 'at the present time, no, because,' he said, 'my other one is kind of fresh yet. I am still paying for the old one yet.' * * *

"*Q.* And what do you mean, the other one was still fresh?

"*A.* The reason why was because he was still paying on the other one, he says, and they were taking so much every pay off, and he couldn't support his family with the money they were taking out."

We have held that any notice and any claim, made within the time limited, ought to be considered sufficient if it fairly gives the employer such information as the law intends (*Matwiczuk* v. *American Car & Foundry Co.,* 189 Mich. 449), yet the claim must be affirmative and unequivocal. *Baase* v. *Banner Coal Co.,* 202 Mich. 57; *Brown* v. *Weston-Mott Co., supra; Rubin* v. *Fisher Body Corp., supra.*

If we reduce the above testimony to a minimum, we find that in substance it amounts to an offer of an operation on the part of the defendant company and a refusal for reasons on the part of the plaintiff. This, in our opinion, is not sufficient to constitute a claim for compensation within the meaning of the statute.

See, also, *Whitby* v. *Armour & Co.,* 114 Kan. 445 (219 Pac. 253); *Stein* v. *Packard Motor Car Co., supra.*

The award is vacated, with costs to defendant company.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.