LA DUKE *v.* CONSUMERS POWER CO.

1. WORKMEN'S COMPENSATION—SLIGHT INJURY—NONCOMPENSABLE REPORT.

Noncompensable report as to arm injury of employee who returned to work within seven days, filed 13 days after the accident and at a time when the employee appeared not to have suffered a compensable accident *held,* a proper report under the circumstances (2 Comp. Laws 1929, § 8456).

2. SAME—REPORT OF NONCOMPENSABLE ACCIDENT—STATUTE OF LIM-
ITATIONS.

> In reporting a noncompensable accident to an employee an em-
> ployer is not required to ascertain and set up all of its effects
> or to anticipate future developments on peril of having the
> statute of limitations tolled against him, when the employee
> makes no claim of incapacitating injury or for compensation
> (2 Comp. Laws 1929, §§ 8431, 8456).

3. SAME—DOCTORS—NOTICE OF INJURY.

> Fact that doctor who handled cases for employer on a fee basis
> examined employee on day he received an injury to his arm
> but found no injury to the nerves and subsequently found a
> calcified mass by means of X-ray would not constitute notice
> to employer where it is not shown the doctor communicated
> any information to the employer.

4. SAME—LIMITATION OF ACTIONS—CLAIM FOR COMPENSATION.

> Making of claim for compensation for accidental injury within
> six months' period prescribed by the workmen's compensation
> act is a condition precedent to the right to maintain an action
> thereunder (2 Comp. Laws 1929, § 8431).

5. SAME—CLAIM FOR COMPENSATION—FORM.

> It is not required that claim for compensation under the work-
> men's compensation act be in writing (2 Comp. Laws 1929,
> § 8431).

6. SAME—CLAIM FOR COMPENSATION—SERVICES OF PHYSICIAN.

> The employer's offer of an operation to rectify an employee's
> condition or the furnishing of a physician to an injured em-
> ployee at the employer's expense is not the equivalent of a
> claim for compensation by the employee (2 Comp. Laws 1929,
> § 8431).

7. SAME—NOTICE TO DEPARTMENT NOT EQUIVALENT TO NOTICE TO
EMPLOYER.

> Notice to the department of labor and industry of an accidental
> injury is not the equivalent of notice to the employer (2 Comp.
> Laws 1929, § 8431).

8. SAME—CLAIM FOR COMPENSATION—BURDEN OF PROOF.

> The burden of establishing a claim for workmen's compensation
> rests upon those seeking the award (2 Comp. Laws 1929,
> § 8431).

9. Same—Right to Notice of Injury a Substantial One.

The statutory condition that the party sought to be charged must be given or have notice or knowledge of the industrial accident within the limitation provided is a substantial right, which, when claimed, may not be ignored either by the department of labor and industry or the court (2 Comp. Laws 1929, § 8431).

10. Same—Claim for Compensation—Notice.

It is mandatory that a claim for compensation under the workmen's compensation act be made upon the employer and where no notice of such claim is served upon the employer within the statutory period, no recovery thereunder may be had (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted October 9, 1941. (Docket No. 25, Calendar No. 41,169.) Decided December 2, 1941. Rehearing denied February 11, 1942.

Albert La Duke presented his claim against Consumers Power Company for compensation for accidental injury while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Thomas P. Gillotte (Keeling, Bogue & Huthwaite,* of counsel), for plaintiff.

*Arthur J. Paul,* for defendant.

Sharpe, C. J. On February 28, 1939, plaintiff suffered an accidental injury to his left arm. The injury appeared slight and he returned to work within seven days. Subsequently, he was laid off for reasons unconnected with the arm injury. On March 13, 1939, defendant company filed with the department of labor and industry a noncompensable report of the accident.

On the day of the accident, plaintiff consulted a physician who handled cases for the defendant com-

pany on a fee basis. Dr. Abbott, the physician, found plaintiff's arm tender, but with no injury to the nerves. In April, 1939, an X-ray showed presence of a calcified mass. On August 1, 1939, plaintiff was examined by his own physician. This examination revealed a weakness of the left upper arm with limitation of motion and lesser grip in the left hand than in the right. On August 5, 1939, plaintiff executed a notice of claim for injury and filed the same with the department of labor and industry. The department returned a duplicate to plaintiff with instructions to serve on defendant company, but there was no evidence introduced showing service of the "notice" on defendant company. On September 13, 1939, defendant company filed with the department of labor and industry a denial of liability. The denial recited, "Notice and application for *adjustment of claim* by Albert La Duke has been received by Consumers Power Company." Plaintiff's application for adjustment of claim was filed September 19, 1939. A deputy commissioner made an award of compensation to plaintiff which was affirmed and modified by the department. The department found that plaintiff suffered some disability as a result of the accidental injury; that defendant company had notice or knowledge of the accident within three months; that defendant company should have filed a compensable report of the accident; and that:

"The file shows that plaintiff filed a notice of injury with this department on August 7, 1939, which was within the six months. A duplicate was returned to plaintiff with instructions to serve on the employer. This [there] is nothing in the record to show that he did or did not serve such notice. Whether one was served or not, the notice and application constituted a demand and it was not re-

quired to be made within the six months. *Pritchard
v. Ford Motor Co.,* 276 Mich. 246."

Defendant company appeals and contends that the
noncompensable report filed by it was a proper
report under the circumstances. We are in accord
with this view.

Section 8456, 2 Comp. Laws 1929 (Stat. Ann.
§ 17.191), provides:

" (a)   In all cases in which the injured employee
is injured so slightly that he loses no time, or little
time, or returns to work within seven days, the em-
ployer shall on the eighth day after the occurrence of
the accident make and send to the industrial ac-
cident board * a report of said accident."

The facts are not in dispute. Plaintiff was in-
jured February 28, 1939. Dr. Abbott examined his
arm the same day, found the arm tender, but with
no nerve injury. Plaintiff went back to work the
next day and was laid off from work on March 4,
1939, because of an eye condition. Plaintiff contends
that defendant should have filed a compensable re-
port and relies upon *Pritchard* v. *Ford Motor Com-
pany, supra,* where we said:

"Filing a report of noncompensable accident by
an employer having full knowledge of the fact that
it was a compensable accident, not a noncompensable
one, is a failure to comply with the statutory re-
quirements and deprives the employer of the stat-
utory limitations."

The above-cited case is not controlling in the case
at bar as there was no showing made that defendant
company had full knowledge or any knowledge that

---

* The powers and duties of the industrial accident board, here re-
ferred to, have been transferred to the department of labor and in-
dustry and the board abolished. See 2 Comp. Laws 1929, § 8312
(Stat. Ann. § 17.3).—REPORTER.

plaintiff had suffered a compensable accident. The report filed was in full compliance with the law as the facts show that at the time the report was filed plaintiff had not suffered a compensable accident.

In *Paridee* v. *Great Atlantic & Pacific Tea Co.,* 278 Mich. 191, we said:

"It would be wholly unreasonable to construe the statute as requiring the employer, particularly in reporting a noncompensable accident, to ascertain and set up all of its effects or to anticipate future developments on peril of having the statute of limitations tolled against him, when the employee makes no claim of incapacitating injury or for compensation."

But it is urged that the subsequent disability of plaintiff was known to Dr. Abbott. We are unable to find any evidence in the record wherein Dr. Abbott communicated any information of plaintiff's condition to defendant company. This phase of the case is controlled by *Maki* v. *S. J. Groves & Sons,* 279 Mich. 644, 647, 648 where we said:

"It is admitted that no written notice was given the employer but it is contended by plaintiffs that under the facts and circumstances the employer had actual knowledge of the accidental injury within the period prescribed by the statute. In support of this contention it is submitted that the deceased was taken toward the office of the superintendent; that he was driven to the hospital in a company truck driven by the bookkeeper; that information supplied by Dr. Eisele was used in filing the reports with the department; and that the death was investigated by a representative of the insurance carrier within a week after its occurrence.

"It does not appear that the superintendent was present when the deceased was taken to a point near

his office or that he, or Larson, the bookkeeper, ever received any information that an accidental injury had occurred. It does not appear that the employer received any information from Dr. Eisele that would constitute a compliance with the statute. Although the defendant company may have adopted information received from Dr. Eisele in preparing its report of compensable accident and supplemental report of fatal accident, the only evidence presented as to what information was received from him, is the statements in the report themselves that the deceased suffered a heart attack and that no accident was involved. Any information which Dr. Eisele himself received could not bind the employer as he was not its agent for this purpose. He was not an employee of S. J. Groves & Sons but treated cases as they were sent to him and was paid for his services on a fee basis.''

See, also, *Burzynski* v. *Packard Motor Car Co.*, 294 Mich. 129.

Defendant company urges that plaintiff had not made any demand on it for compensation within the six months' period as required by 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).

It appears that plaintiff filed a claim for compensation with the department of labor and industry on August 7, 1939, which was within six months of the accident, but the record does not show that any demand was made upon the employer or its agent within such period. It is urged by plaintiff that on September 12, 1939, defendant company executed a paper designated as denial of liability; that this document was filed with the department of labor and industry on September 13, 1939; and that such paper is an admission on the part of the defendant company that a notice of claim was made by plaintiff and received by defendant company.

In *La Rosa* v. *Ford Motor Co.*, 270 Mich. 365, we said:

"This court has repeatedly and consistently held that the six-months' period for making claim under the act is jurisdictional, and a condition precedent to the right to maintain an action thereunder. *Cooke* v. *Holland Furnace Co.*, 200 Mich. 192 (L. R. A. 1918 E, 552) ; *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604; *Dane* v. *Michigan United Traction Co.*, 200 Mich. 612; *Schild* v. *Railroad Co.*, 200 Mich. 614; *Peterson* v. *Fisher Body Co.*, 201 Mich. 529; *Brown* v. *Weston-Mott Co.*, 202 Mich. 592; *Rubin* v. *Fisher Body Corp.*, 205 Mich. 605; *Stein* v. *Packard Motor Car Co.*, 210 Mich. 374; *Dochoff* v. *Globe Construction Co.*, 212 Mich. 166.

"The act does not in terms require that the claim for compensation be made in writing and this court has never so held. *Stein* v. *Packard Motor Car Co.*, supra; *Duford* v. *Escanaba Veneer Co.*, 246 Mich. 191."

Plaintiff relies upon the above case as well as *Stein* v. *Packard Motor Car Co.*, supra, and *Mauch* v. *Bennett & Brown Lumber Co.*, 235 Mich. 496. In the *La Rosa Case*, supra, we held that an offer of an operation for hernia which was refused by plaintiff did not constitute a claim for compensation within the meaning of the statute. In the *Stein Case*, supra, we held that the furnishing of a physician for plaintiff at the expense of the employer was not equivalent to a claim for compensation. In the *Mauch Case*, supra, plaintiff sent a letter to his employer, a copy of which reads as follows:

"St. Mary's Hospital, Marquette, Michigan.
3–25–24.
"Just dropping you a few lines to ask you about my compensation because I was laid up since the 31st of January. I froze my foot while in your em-

ploy and was taken to St. Mary's Hospital January 8, 1924, and had my toe amputated on the 14th of January and as soon as I receive compensation I am ready to leave the hospital. See what you can do about it.

> "Yours,
> "John Mauch,
>      "Marquette."

In that case we held that the letter was a sufficient demand for compensation.

In *Starkweather* v. *Weidman Lumber Co.,* 270 Mich. 355, we held that notice by plaintiff to the department of labor and industry was not notice to the defendant company.

In *Burzynski* v. *Packard Motor Car Co., supra,* plaintiff suffered a hernia on November 30, 1937. Notice of the injury was given to defendant company and a report of noncompensable accident was filed with the department of labor and industry. On April 25, 1938, plaintiff filed with the department a notice and application for adjustment of claim for the injury, together with a duplicate copy. A copy of this notice was not served upon defendant company. We there said:

> "If plaintiff's notice of April 25, 1938, had been served upon the defendant, he would be entitled to compensation upon proof of loss and disability. It was apparently believed that the department would cause the duplicate copy of the claim which was filed to be served upon defendant, but the statute does not so provide. The claim must be made upon the employer, either written or orally, within 120 days from the time of disablement. Act No. 10, pt. 7, § 10, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485–10 [Stat. Ann. 1939 Cum. Supp. § 17.229]). Because of failure to file claim for compensation within the time provided by statute, plaintiff's claim cannot be sustained."

In *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137, we said: "The burden of establishing a claim for compensation rests on those seeking the award."

In *Ames* v. *Lake Independence Lumber Co.,* 226 Mich. 83, 90, 91 (23 N. C. C. A. 778), we said:

"This is a special statutory proceeding. The condition that the party sought to be charged must be given or have notice or knowledge of the accident within the limitation provided is a substantial, statutory right, which when claimed may not be ignored either by a commission or court. *Podkastelnea* v. *Railroad Co.,* 198 Mich. 321; *Herbert* v. *Railway Co.,* 200 Mich. 566."

See, also, *Gumtow* v. *Kalamazoo Motor Express,* 266 Mich. 16.

It is mandatory that a claim for compensation must be made upon the employer. A claim filed with the department of labor and industry and not served upon the employer does not satisfy the requirements of the statute. In the case at bar, there being no proof in the record, we must conclude that plaintiff failed to serve upon his employer a notice of claim for compensation within the statutory period. This neglect is fatal to his claim.

The award is vacated, with costs to defendant.

BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.